CHRISTOPHER SAMMIS, Appellant, *v.* RALPH CLARK *et al.*, Appellees; and

SAME *v.* SAME.

### APPEAL FROM PEORIA.

To proceed to trial on other issues, without noticing a plea of payment, is error
A default cannot be taken while there is a plea or demurrer unanswered.

THESE were actions in debt, to which the defendants below filed to each the general issue and four special pleas. There were four replications to the second plea, but no notice appears to have been taken of any of the others. The parties submitted the cases to the court, KELLOGG, Judge, presiding, without the intervention of a jury. There was a finding and judgment in both cases for the plaintiffs below. The defendant below appealed.

O. PETERS, for Appellant.

MANNING and MERRIMAN, for Appellees.

SCATES, C. J.   The defendants here proceeded to trial upon issues on *nil debet* and the special pleas, without joining issue, or in any manner noticing or disposing of the plea of payment. This has been repeatedly held to be error by this court.   *Peare* v. *Wellman et al.*, 3 Gil. R. 326.   And it has been applied as well to the rendition of final judgment on demurrer—*Bell et al.* v. *Sheldon et al.*, 12 Ill. R. 372; *Dow* v. *Rattle*, id. 373; *Clark* v. *The People ex rel.* Crane, 15 Ill. R. 217; *Hereford* v. *Crow*, 3 Scam. R. 426; *Merriweather* v. *Gregory*, 2 Scam. R. 52—as to issues of fact.   Upon the same principle it has been held that a default cannot be taken while there is a demurrer or plea unanswered.   *Covell et al.* v. *Marks*, 1 Scam. R. 391; *Manlove et al.* v. *Gallipot*, id. 390; *McKinney* v. *May*, id. 534; *Nye* v. *Wright*, 2 Scam. R. 222; *Bradshaw* v. *Hoblett*, 4 Scam. R. 53; *Steelman* v. *Watson*, 5 Gil. R. 249; *Moore* v. *Little et al.*, 11 Ill. R. 550; *Jones et al.* v. *Wight et al.*, 4 Scam. R. 338. Where there is nothing in the record to raise the presumption of a waiver of the demurrer by subsequent pleadings or proceedings, or of a plea by other issues, and such as must necessarily involve the merits of the unanswered pleading, we see no reason to doubt the soundness of the rules laid down.   Even upon the assumption that it is overlooked through inattention, it might, when discovered too late, work as great hardship upon the other side, if cut off, from making a defence in a different rule.   The law demands vigilance in suitors.   It is consistent with general principles to throw the burthen of such difficulties as these upon the party guilty of negligence.

Judgment reversed and cause remanded.

*Judgment reversed.*