## PAUL G. SCHUH

*v.*

## WILLIAM D'OENCH *et al.*

51   85
80a   32

51   85
87a   74

51   85
106a   ²   94

1. PRACTICE—*steps in a cause—record should show the order of time in which they are taken.* Where the record shows that a demurrer was filed to the declaration, and a default taken in the same cause, on the same day, but does not show which was the prior act, in the absence of proof as to priority it will be presumed that the default was properly taken, and that no error exists.

2. The rights of the defendant who claimed that a demurrer to the declaration was pending at the time the default was taken, could have been preserved, had he, during the term, entered a motion to set aside the default, and proved that a demurrer had been filed in the case before the default was taken; the court then would have set aside the default, and failing to do

so, the motion and evidence could have been preserved in the record, and such error would appear as could have been availed of in this court.

Writ of Error to the Circuit Court of Alexander county; the Hon. John Olney, Judge, presiding.

The opinion states the case.

Messrs. Mulkey, Wall & Wheeler, for the plaintiff in error.

Mr. J. M. Lansden, for the defendants in error.

Mr. Justice Walker delivered the opinion of the Court:

The only error assigned on this record is, that the court below rendered judgment by default when defendant's demurrer to the declaration had not been determined. The demurrer was filed on the 7th of April, and the default was entered on the same day. But there is nothing in the record from which it can be determined which was the prior act. Had the clerk kept a minute book in which he had noted each step taken in the progress of the business of the court, in the order in which it occurred, there would have been no difficulty in knowing which was the precedent act. But in the absence of such an entry, we are left to conjecture alone, and it would not be proper for us to presume merely from the fact that both acts were of the same date, that the filing of the demurrer was prior in point of time. We must presume that the court below acted correctly, until error is shown to have been committed. And this record fails to show that any exists.

Had plaintiff in error, during the term, entered a motion to set aside the default, and proved that a demurrer had been filed in the case before the entry of the default, then the court would have set aside the default, and failing to do so, the motion and evidence could have been preserved in the record,

and thus error would have been shown, and could have been availed of in this court.   But no such steps were taken, and hence we cannot hold that there is error in this record.

*Judgment affirmed.*