# THE KNICKERBOCKER LIFE INSURANCE COMPANY

## *v.*

## SAMUEL SEELEMAN.

CONTRACT—*right to recover for services.* A party can not recover for services performed under a special contract, where the evidence fails to show a performance of the contract on his part, or that he was prevented from performing by the other party.

APPEAL from the Superior Court of Cook county; the Hon. JOSIAH McROBERTS, Judge, presiding.

Messrs. MILLER & FROST, for the appellant.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was assumpsit, in the Superior Court of Cook county, by Samuel Seeleman, plaintiff, and against the Knickerbocker Life Insurance Company, defendant, on an instrument in writing, of the following tenor:

"$300                          CHICAGO, *February* 10, 1873.

"We hereby agree to pay Samuel Seeleman $300, as an attorney fee, in the event of his effecting a settlement of claims under two policies for $6000, in favor of Margaretta Friedel, on the life of her late husband, providing that terms are such that the Knickerbocker Life Insurance Co. accept of them, and adjust the losses in accordance with said terms; said $300 to be paid to him by us immediately upon the consummation of said settlement.

WHEATON & RANDALL,
*Managers.*"

The general issue was pleaded, and the same tried by a jury, which resulted in a verdict and judgment for the plaintiff for three hundred dollars, to reverse which defendant appeals.

We have not considered it necessary to notice the various points made by appellant on this record, being well satisfied the evidence fails to show a performance of the contract on the part of appellee. It is clear he did not effect a settlement of the claims under these policies of insurance, but wholly failed therein, and, as the evidence shows, he, of his own accord, abandoned the effort.

The claim made by appellee, that he was prevented, by the act of the company, from effecting a settlement, after he had expended time and labor therein, is unfounded, being wholly unsupported by the testimony; consequently, he could not be allowed to recover as upon a *quantum meruit*. The instructions, therefore, for appellee, on this theory, were erroneous, and should not have been given.

The judgment is reversed.

*Judgment reversed.*