Kinney v. Bauer.

## Eli Kinney

### v.

## Augustus Bauer et al.

1. PRACTICE IN CHANCERY—NON-RESIDENT DEFENDANT APPEARING AFTER DECREE.—Except under special circumstances, the only proper time for the adverse party to contest the right of a defendant not personally served with process, to come in and be heard touching the matter of the decree, is at the time of making the application.

2. APPLICATION TO BE HEARD—PRACTICE.—An application of a non-resident defendant to be heard after decree, should be made by petition, to which the adverse party should file an answer. In this manner the rulings

of the court in respect to .the application, can be properly brought up for review in an appellate court.

3. JOINING ISSUE.—If a party voluntarily take issue .of .fact upon the pleading of his adversary, he thereby admits such pleading to be properly filed. So, where a non-resident defendant had been permitted to answer after decree, and the complainant had joined issue upon such answer, it was error at a subsequent stage of the case to strike such answer from the files on motion, on the ground that he had no right to file it.

4. DILATORY MOTIONS.—Motions of a dilatory nature should be interposed at the first opportunity, and if any reason exists for delay, such reason should be shown to the court in support of the motion.

5. PRIVILEGED COMMUNICATIONS—ATTORNEY'S CLERK.—The affidavit in support of the motion in this case alleged facts the knowledge of which was acquired from the adverse party and his attorney by B., while acting as clerk for the attorney of the adverse party. These communications were privileged, and it was a clear breach of professional confidence for B. to disclose them.

APPEAL from the Circuit Court of Cook county; the Hon. MURRAY F. TULEY, Judge, presiding. Opinion filed April 27, 1880.

Mr. W. T. BURGESS and Mr. JOHN N. BARKER, for appellants; that where there is no personal service, the record must show affirmatively that the statute has been complied with in regard to notice by publication, cited Haywood v. McCroey, 33 Ill. 460; Vairin v. Edmonson, 5 Gilm. 270; Rowley v. Berrian, 12 Ill. 198; Cariker v. Anderson, 27 Ill. 358; Kail v. Wetmore, 6 Wall. 451; Smyth v. Strader, 12 How. 327; Amann v. The People, 76 Ill. 188.

The facts alleged in the affidavit were privileged communications: Weeks on Attorneys, 161; Sibley v. Waffle, 16 N. Y. 180; Steele v. Stewart, 1 Phillips' Ch. 471; Cherton v. Frewen, 2 Drew & Sm. 390; Laforce v. Falkland, 4 Kay & J. 34; Dietrich v. Mitchell, 43 Ill. 40.

Opening the case on petition of a non-resident defendant is a matter of right, not discretion: Lawrence v. Lawrence, 73 Ill. 577.

Notice of such petition should be given, and it is the duty of the adverse party then to appear and contest: Bruen v. Bruen, 43 Ill. 408.

Messrs. Rosenthal & Pence, for appellee; that this is a collateral proceeding to set aside and impeach a decree upon facts *de hors* the record, cited Owens v. Ranstead, 22 Ill. 161; O'Conner v. Wilson, 57 Ill. 226; Miller v. Handy, 40 Ill. 449; Harris v. Lester, 80 Ill. 307.

Strict certainty in the affidavit for publication is not required if the party complaining is not injured thereby: Clark v. Marfield, 77 Ill. 258; Goudy v. Hall, 36 Ill. 313.

The certificate of the clerk as to sending notice is *prima facie* evidence of its receipt: *In re* Hickey, 10 Irish Eq. 127; 2 Wharton's Ev. § 1323.

A cross-bill is a new suit: Beaucamp v. Putnam, 34 Ill. 378; Myers v. Manny, 63 Ill. 211.

The facts stated in the affidavit in support of the motion to strike from the files, were not privileged communications: 1 Wharton's Ed. § 590; Weeks on Attorneys, 281; Bramwell v. Lucas, 2 B. & C. 743; Eicke v. Vokes, 1 Mood. & M. 303; DeWolf v. Strader, 26 Ill. 225.

Appearance in a case by attorney will be taken as a general appearance unless the contrary appears: Flake v. Carson, 33 Ill. 518.

A party appearing and asking relief from a judgment, which can be granted only on the hypothesis that the court had jurisdiction, waives all defects in service of process: Blackburn v. Sweet, 38 Wis. 578; Tallman v. McCarty, 11 Wis. 405; Marsdon v. Soper, 11 Ohio St. 503.

McAllister, J.   This was a suit in equity, brought by appellee Bauer, to foreclose a mortgage.   Appellant Kinney being a necessary party was made one of the defendants to the bill.   Being a non-resident of the State, the only service of process was by publication, and the clerk mailing to him in the State of Ohio, a copy of the notice.   His default was entered and such proceedings were had, that a decree of foreclosure, etc., passed April 25, 1878.   Kinney filed his petition under the statute, duly verified, alleging that he did not receive the notice mailed to him, and praying to be heard touching the matter of the decree.   June 22, 1878, the petition was

heard in open court, and an order was entered that Kinney, upon paying to complainant or his solicitor one-third of the costs in the case, should be heard touching the matter of the decree of April 25, 1878. The costs not having been taxed, the court ordered that upon Kinney paying the sum of $200. into court, should be deemed a compliance as to paying costs, and thereupon he paid that sum into court, and filed his answer to the original, and also to a cross-bill, which had been filed by another defendant, to which Kinney was made defendant; and he also filed a cross-bill on his own behalf. The record shows the complainant and other parties were present when the order of June 22, 1878, was made.

The complainants to the original and cross-bill filed replications to Kinney's answers, and answers to his cross-bill; and the complainant to the original bill took the money so deposited by Kinney out of court, and had the cause set for hearing upon the issues found as aforesaid, at the October Term, 1879, of the court below. When it was reached for hearing, Bauer and other parties, the former not returning or offering to return the money so taken out of court, entered a motion to have said order, allowing Kinney to be heard touching the matter of the decree, upon his paying one-third of the costs, set aside, and to strike his answers and cross-bill from the files. The motion was granted, said orders set aside, and Kinney's answers and cross-bill were stricken from the files; and it was further ordered that the decree of April 25, 1878, stand confirmed as to Kinney. This latter order was made December 24, 1879, and from which Kinney took an appeal to this court. The propriety of the order of December 24, 1879, is the question presented by this record.

We are of opinion that, except under special circumstances, some of which are shown in the affidavits on which the motion was based, the only proper time for the adverse party to contest the right of a defendant not personally served with process to come in and be heard touching the matter of the decree, under the statute and within the time therein prescribed, is at the time of the application. Counsel for appellee say they attempted to do so, and the court refused to permit it. But as

to that, the record is wholly silent.   It should be observed that the order of December 24, 1879, was made by the successor in office of the chancellor, who made the order of June 22, 1878, and the record not showing anything on the subject, appellees' counsel were permitted, against the objections of appellant's counsel, on the hearing of the motion to set aside the last mentioned order, to introduce oral proof of an offer on their part to contest Kinney's right to be heard, when his application, June 22, 1878, was heard, and that the court would not permit them to do so.   That evidence was inadmissible.   The record is the only proper evidence of proceedings in a court of record of such nature.

The practice in cases of petition of defendants not personally served, to come in and be heard touching the matter of such provisional or interlocutory decree, would seem to be very simple.   The application must be by petition duly verified, or something tantamount to it.   If the adverse party would contest the facts of it, he should prepare and file an answer.   If the rulings of the chancellor, either in respect to the right to contest the matter or the manner, are deemed erroneous, they can be thus preserved for revision in an appellate court.   But here there was no answer, or what might be equivalent.   Instead, issues of fact were taken on Kinney's answers and his cross-bill.   The complainant to the original bill voluntarily set the cause for hearing on those issues, at the October term, 1879.   Then, when it was regularly reached for trial, without offering to do equity by returning or offering to return, the money which Kinney had paid into court as a condition precedent to his right to be heard touching the matter of the decree, and which money complainant had taken out of court; and after a delay of some sixteen months, with all these different steps in the cause intervening, this motion was sprung upon Kinney, who was never personally served with process, and his right to be heard is suddenly taken away, and the decree of April 25, 1878, rendered without personal service, is ordered to stand confirmed against him; this, too, in a court of conscience.

It is a rule founded in good sense, and recognized by the

courts in almost daily practice, that if a party voluntarily take issue of fact upon the pleading of his adversary, he thereby admits such pleading to be properly filed.

Another rule is, that all dilatory motions of a dilatory nature should be interposed at the first opportunity; and if not, and any reason exists for the delay in making it, such reason should be shown to the court in support of the motion. Miller v. Metzger, 16 Ill. 390.

No reason whatever is shown why this motion was not made at the first opportunity. Appellees do not pretend they were ignorant of the facts which they introduced by incompetent evidence, until at or about the time their affidavits were made. Besides all these, other reasons against the order in question, the very facts on which the order was based, were testified to by one Brown, who acquired knowledge of them, if at all, while he was acting as the paid clerk, though a licensed attorney, for Dunlevy, who was the regular legal adviser of Kinney, Brown deriving his knowledge solely from Kinney and Dunlevy, while acting as Dunlevy's clerk, as respected Kinney's matters. These communications were privileged, and it was a clear breach of professional confidence for Brown to disclose them. 1 Greenleaf Ev. Sec. 239; Williams v. Fitch, 18 N. Y. 551.

The order of December 24, 1879, of the court below, will be reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.