## MARY PARROTT

### v.

## AUSTIN J. GOSS.

PLEADING—ENTERING DEFAULT.—In an action at law, where a plea has been filed, unless it has been stricken from the files or otherwise disposed of, the court is powerless to enter the default of the defendant.

ERROR to the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding. Opinion filed October 29, 1885.

Jones v. The Chester Oil Co.

Messrs. Merriam & Whipple, for plaintiff in error; that the court erred in entering the default of defendant, cited White v. Thompson, Breese, 72; Semple v. Locke, Breese, 388; Lyon v. Barney, 1 Scam. 387; Covell v. Marks, 1 Scam. 391; McKinney v. May, 1 Scam. 534; Sammis v. Clark, 17 Ill. 398.

Per Curiam. This was an action of covenant, brought by Austin J. Goss against Mary Parrott, to recover damages for a breach of a covenant of warranty against incumbrances in a deed. The defendant appeared and filed a plea of *non est factum;* but after the plea was filed, the court, without making any disposition of the plea, entered judgment against the defendant by default, for $758.21 and costs.

In an action at law, where a plea has been filed, unless it has been stricken from the files or otherwise disposed of, the court is powerless to enter the default of the defendant. Mason v. Abbott, 83 Ill. 446.

The transcript contains a motion to set the default aside, and certain proceedings thereunder, including an affidavit filed on behalf of the plaintiff in opposition to the motion; but as the record contains no bill of exceptions, none of the matters pertaining to the motion are made matters of record, and they can not, therefore, be judicially noticed.

The judgment was erroneously entered; and it will accordingly be reversed and the cause remanded.

Judgment reversed.