## H. W. Wells and Stephen Martin v. Wallace Mathews.

1. PRACTICE—*Judgment in Excess of Damages Claimed in Summons.*—Rendering judgment in excess of the damages stated in the summons is not ground for the reversal of a judgment, where the proper amount is stated in the praecipe and the declaration, if the objection is first made on appeal.

2. DEFAULTS—*Plea on File.*—It is error to render judgment against a defendant by default, when his plea to the merits is on file.

Assumpsit, on a promissory note.  Error to the County Court of Peoria County; the Hon. R. H. LOVETT, Judge, presiding.  Heard in this court at the December term, 1896.  Reversed and remanded.  Opinion filed June 26, 1897.

I. C. PINKNEY, attorney for plaintiffs in error.

The judgment of the court below was in a sum greater than the amount claimed in the writ. The writ claimed two hundred dollars, and the judgment was for two hundred and twenty-one dollars and fifty-five cents, twenty-one dollars and fifty-five cents more than was due the plaintiff by his writ. It is insisted that this judgment was erroneous. Miller v. Glass, 11 Brad. 560; Epley v. Eubancks, 11 Brad. 272.

The Supreme Court of this State has more than once held that where the assessment of damages is, on issue, joined, and the jury is not waived, the damages must be assessed by a jury. Whiteside v. Bartleson, Breese, 71: Klein v. Wells, 82 Ill. 201.

When issue is tendered the opposing party has no right to ignore it and proceed as if no issue was tendered. Moore v. Little, 11 Ill. 549; Weatherford v. Wilson, 2 Scam. 253; Pana v. Humphreys, 39 Ill. App. 641; Barnett v. Craig, 38 Ill. App. 96.

This honorable court has held that a judgment by mistake in such a case can not stand. Faurot v. Park Bank, 37 App. 322.

FOSTER & CARLOCK, attorneys for defendant in error.

It is fatal to the position insisted upon by defendants (below) that they took no exceptions to the judgment entered against them. No motion for a new trial or in arrest of judgment was made, nor did defendants save any exceptions to the decision of the court. Had they done so by motion for a new trial, or in arrest of judgment, or by exception to the decision of the court, stating that the finding of the damages was in excess of the damages claimed in the summons, the error could have been, and no doubt would have been, corrected at once. Utter et al. v. Jaffray & Co., 114 Ill. 470; Met. Acc. Assn. v. Froiland, 161 Ill. 40; Cunningham v. Alexander, 58 Ill. App. 296.

The objection that the court tried the case without the intervention of a jury, there being no waiver of a jury, is not well taken. "The statute gives the right in such case

to assign error only where the decision assigned for error was excepted to." Parsons v. Evans, 17 Ill. 238.

OPINION PER CURIAM.

This was an action on assumpsit to recover on a promissory note for $200. The declaration contained a special count on the note and the common counts. The praecipe and declaration laid the damages at $500, while the writ only demanded $200. The summons was issued December 20, 1895, and served December 27, 1895. On January 8, 1896, the defendants filed the plea of the general issue. On January 27, 1896, the court, without noticing the plea, had the defendants called and defaulted, and, without the intervention of a jury, assessed the plaintiff's damages at $221.55, and rendered judgment against them for that amount. It is assigned for error that the court rendered judgment for a greater amount than the damages claimed in the writ, but as this question was not raised in the court below, and no exception was saved to the action of the court in this behalf, we hold the objection can not be raised for the first time in this court. Had the objection been made in the trial court, an opportunity could have been given to amend the writ so as to correspond with the praecipe and declaration, in which the damages were laid in a sum greater than the amount of the judgment. Utter et al. v. Jaffray & Co., 114 Ill. 470; Met. Acc. Assn. v. Froiland, 161 Ill. 40.

It is also assigned for error that the court disregarded the plea, entered a default and assessed the damages thereon while the plea was on file and undisposed of. In this we think there was manifest error.

It has been frequently held that where a plea has been filed, unless it has been stricken from the files or otherwise disposed of, the court is powerless to enter the default of the defendant. Mason v. Abbott, 83 Ill. 445; Parrott v. Goss, 17 Ill. App. 110; Faurot v. Park Bank, 37 Ill. App. 322; Sammis v. Clark, 17 Ill. 398.

For this error the judgment will be reversed and the cause remanded.

Reversed and remanded.