### Murdoch M. McKenzie v. Wright McKenzie & Co.

1. PRACTICE—*Entering Defaults—Presumptions.*—Where the time to plead was by an order of the court "extended to and including Monday, January 10, A. D. 1898, at 10 o'clock A. M.," and thereafter on Monday, January 10, 1898, the default of the defendant was entered of record, reciting that he had failed to plead as required by the court, it will be presumed that the default was entered after the time to plead had expired.

Assumpsit, on the common counts. Error to the Superior Court of Cook County; the Hon. JAMES GOGGIN, Judge, presiding. Heard in this court at the October term, 1898. Affirmed. Opinion filed January 26, 1899.

WILLIAM PETTIS, attorney for plaintiff in error.

DARROW, THOMAS & THOMPSON, attorneys for defendant in error.

MR. JUSTICE SEARS delivered the opinion of the court.

The following order was entered in this cause in the court below:

" On motion of defendant's attorney it is ordered that the time for the defendant to plead herein be and is hereby extended to and including Monday, January 10, A. D. 1898, at 10 o'clock A. M."

Thereafter, and on Monday, January 10, 1898, the default

of defendant there, plaintiff in error here, was taken and entered of record.

The default order recites: "It appearing to the court that the defendant has failed to plead, as heretofore required by this court," etc.

Judgment against the plaintiff in error was entered.

The only error assigned is that the court below rendered judgment by default when the time allowed plaintiff in error to plead had not expired.

The recitals of the default order indicate that the default was entered after the time to plead had expired, viz., after ten o'clock of the 10th of January, 1898. But if there were no such recitals, yet it would be presumed that such was the case.

In Schuh v. D'Oench, 51 Ill. 85, the court said :

"The only error assigned on this record is, that the court below rendered judgment by default when defendant's demurrer to the declaration had not been determined. The demurrer was filed on the 7th of April and the default was entered on the same day. But there is nothing in the record from which it can be determined which was the prior act. Had the clerk kept a minute book in which he had noted each step taken in the progress of the business of the court, in the order in which it occurred, there would have been no difficulty in knowing which was the precedent act. But in the absence of such an entry, we are left to conjecture alone, and it would not be proper for us to presume, merely from the fact that both acts were of the same date, that the filing of the demurrer was prior in point of time. We must presume that the court below acted correctly until error is shown to have been committed. This record fails to show that any exists."

By the same reasoning it would be presumed here that the default order was entered after ten o'clock of the day in question.

Counsel for plaintiff in error has, in preparing his abstract of the record, presented the order to plead incorrectly. Counsel should be extremely cautious to avoid such errors, especially such as make the case presented differ from the record and in a manner improperly favoring his client The judgment is affirmed.