**Benjamin W. Taylor, Estelle F. Taylor and William R. Proctor v. Elizabeth Richman.**

1. PRACTICE—*Judgments in Excess of the Ad Damnum.*—It is reversible error to enter judgment for a greater amount than is claimed by the plaintiff in his declaration.

2. SAME—*Recovery for Interest Not Due at the Commencement of Suit.*—A party can not recover for money not due at the time of instituting suit.

Assumpsit.—Error to the Circuit Court of Mason County; the Hon. THOMAS N. MEHAN, Judge, presiding. Heard in this court at the November term, 1899. Reversed and remanded. Opinion filed February 27, 1900.

BEACH & HODNETT, attorneys for plaintiffs in error.

No appearance for defendant in error.

MR. JUSTICE HARKER delivered the opinion of the court.

At the February term, 1897, of the Circuit Court of Mason County, the defendant in error brought suit against the plaintiffs in error to recover interest due on a promissory note for $2,524, dated May 14, 1894, and due in six years. The note bore interest at the rate of seven per cent, payable annually, and at the time suit was brought there was two years' interest due, amounting to $353.36. The damages were laid in the declaration at $500. The case was continued for service on defendants not served until the August term, 1897, at which time another year's interest had become due. No pleas being filed, judgment by default was entered against the plaintiffs in error for $568.76, being for three years' interest, and $68.76 in excess of the *ad damnum* in the declaration.

The judgment is erroneous, for two reasons: It exceeds the *ad damnum* in the declaration. It is reversible error to enter judgment for a greater amount than is claimed in the plaintiffs' declaration. Hichins v. Lyon, 35 Ill. 150;

Altes v. Hinckler et al., 36 Ill. 275; Kelly v. National Bank, etc., 64 Ill. 541.

It includes a year's interest that was not due at the time suit was commenced. It is well settled that a party can not recover for money not due at the time of instituting suit.

The judgment will be reversed and the cause remanded.