## Gay Dorn et al. v. A. M. Briggs.

1. PRACTICE—*Where Plea is Filed Default of Defendant Can Not be Entered.*—Where a plea has been filed, unless it has been stricken from the files or otherwise disposed of, the court is powerless to enter the default of the defendant.

2. SAME—*Entering Judgment upon a Default for an Amount Greater than the Damages Claimed by Plaintiff.*—It is clear error to enter judgment upon a default for an amount greater than the damages claimed by the plaintiff in his declaration.

Assumpsit, upon promissory notes. Error to the Circuit Court of Cook County; the Hon. FRANCIS ADAMS, Judge presiding. Heard in the Branch Appellate Court at the March term, 1902. Reversed and remanded. Opinion filed February 13, 1903.

Statement.—A. M. Briggs, defendant in error, began suit September 4, 1896, against Gay Dorn and D. T. Kennard, upon certain promissory notes, and attached to the declaration an affidavit of claim of $1,664. October 20, 1896, Gay Dorn filed a general demurrer and on the same day filed a plea of the general issue with an affidavit of merits. October 23, 1896, default of Gay Dorn was entered. On November 17, 1896, the court assessed the damages against Gay Dorn in the sum of $1,074 and rendered judgment therefor.

A. MORRIS JOHNSON, attorney for plaintiffs in error.

No appearance by defendant in error.

MR. JUSTICE BURKE delivered the opinion of the court.

Gay Dorn has brought up the record in this case by writ of error and asks that the judgment be reversed on two grounds. First, that the court erred in entering the default of Gay Dorn for want of appearance when there was at that time on file in said suit an undisposed-of demurrer and a plea of general issue with affidavit of defense filed by said Gay Dorn. The record shows that an order of default of Gay Dorn was entered on the 23d day of October for want of an appearance and yet on that day there were on file,

undisposed of, his general demurrer and plea of the general issue with proper affidavit of merits; and that on the 17th day of November, 1896, a judgment of $1,074 was entered against him.

It was error to enter judgment against Dorn by default when his plea to the merits of the action was on file. This question has been decided by the Supreme Court. Mason v. Abbott, 83 Ill. 445. It is doubtless the case that neither the court nor the plaintiff were aware that a plea had been filed when the default was entered. In view of the record in the case of Dorn v. Bradner, Smith & Co., decided by this court at this term, 106 Ill. App. 91, we can readily believe that Gay Dorn or his attorney, Chas. Pickler, whose manipulations of papers in court are considered by the Supreme Court in People v. Pickler, 186 Ill. 64, had no good purpose in filing both a general demurrer and a plea of the general issue on the same day.

In the former case heard by us the record disclosed such a state of affairs in the pleadings and the conduct of parties thereunder that we were justified in finding fraud; for there the court, upon notice to the attorney, was allowed to rule upon the demurrer and to enter final judgment without having his attention called to the fact, if indeed such was the fact, that a plea had ever been filed. In the case at bar it was error in the absence of all evidence tending to show fraud, as existed in the former case, to have gone through the form of calling the defendant and then entering default against him for non-appearance and thereafter a judgment. It has been frequently held that where a plea has been filed, unless it has been stricken from the files or otherwise disposed of, the court is powerless to enter the default of the defendant. Sammis v. Clark, 17 Ill. 398; Faurot v. Park Nat. Bank, 37 Ill. App. 322; City of Pana v. Humphreys, 39 Ill. App. 641; Wells v. Mathews, 70 Ill. App. 504.

Second, from the abstract it appears that the plaintiff claims damages only in the sum of $25, whereas the judgment rendered by the court is for the sum of $1,074. Where

a case is contested and a verdict rendered and judgment entered thereon, advantage of this error, not objected to in the trial court, could not be taken in this court.   The judgment, however, in this case was upon a default, and it was clear error to enter judgment for an amount greater than the damages claimed by plaintiff in his declaration.   Kelley v. Nat. Bank, 64 Ill. 541; Taylor v. Richman, 87 Ill. App. 419.

Because it was manifest error under the facts of this case to enter an order of default, when a general demurrer and a plea of the general issue with proper affidavit were on file, and to enter a judgment upon a default order in excess of the amount of the damages claimed by plaintiff in his declaration, the judgment must be reversed.

The judgment of the Circuit Court is reversed and the cause remanded.