|106     91
|e106    80

## Gay Dorn et al. v. Bradner Smith & Company.

1. PRESUMPTIONS—*That the Court Acted Correctly—Evidence Insufficient to Rebut.*—Where it appears that both a demurrer and plea were presented for filing at the same instant, and were totally inconsistent with each other, and that the demurrer only was acted upon, it will be presumed, in the absence of anything tending to the contrary, that the plea was marked " filed " by mistake or fraud, and was not in fact filed at that time, nor before default and final judgment.

2. ESTOPPEL—*Party Failing to Object to Action of Trial Court.*— A party who stands by in the trial court and suffers the court to enter judgment by default, supposing no answer to have been filed, can not take advantage of such error on appeal.

Assumpsit, upon a promissory note.   Error to the Circuit Court of Cook County; the Hon. FRANCIS ADAMS, Judge presiding.   Heard in the Branch Appellate Court at the March term, 1902.   Affirmed. Opinion filed February 13, 1903.

A. MORRIS JOHNSON, attorney for plaintiffs in error.

WALKER & RAPHAEL, attorneys for defendant in error.

MR. JUSTICE FREEMAN delivered the opinion of the court.

The record in this case discloses a peculiar state of affairs.

Defendant in error, a corporation, brought suit in assumpsit to recover upon a promissory note of which plaintiff in error Gay Dorn was the maker, and which the other plaintiff in error, DeWitt Taylor Kennard, had indorsed. It is not necessary to recite all the proceedings, but April 20, 1896, a second amended declaration was filed, and May 8th thereafter defendants, on motion of their attorney, were given ten days additional time in which to plead. Upon the 20th of May a general demurrer appears to have been filed in the names of both defendants. This demurrer, as the record shows, the hour of filing having been omitted from the abstract, was indorsed by the clerk, "Filed May 20, 9:51 A. M., 1896." It is signed, "By Charles Pickler, defendants' attorney."

At the same moment a plea purporting to be by both defendants appears to have been presented to the clerk, which now turns up in the record. It also bears the clerk's indorsement, "Filed May 20, 9:51 A. M., 1896." Like the demurrer it is signed, "By Charles Pickler" as defendants' attorney. What became of this plea thereafter can only be conjectured. Certain it is that so far as we can judge from what appears in the record, its existence was never called to the attention of the trial court, although the demurrer, which according to the file mark was presented to the clerk at the same time, was acted upon in due course. Had the plea been left on file it could scarcely have failed to be brought to the attention of the attorneys of plaintiff in the suit when they found the demurrer, its companion paper in date of filing.

June 6th thereafter that demurrer was overruled, and the defendants were given five days to plead. June 15th the default of the defendant Gay Dorn was ordered to be entered of record, the default of the other defendant having been previously taken. This order of June 15, 1896, recites that the defendant Dorn "has failed to plead herein as heretofore required," and judgment was entered accordingly.

The case is now brought here on writ of error. There is

Dorn v. Bradner Smith &.Co.

no bill of exceptions. It is argued in behalf of plaintiffs in error, that the filing of a plea was a waiver of an antecedent demurrer to the declaration, and that it was error to render judgment against a defendant by default when his plea to the merits of the action was on file. We are referred to Faurot v. Park National Bank, 37 Ill. App. 322, where it was said : " It is doubtless the case that neither the court nor the plaintiff below were aware that a plea had been filed when the default was entered. However this may be, with a plea on file it was error, without some disposition of the plea, to enter the default of Faurot." In the present case, however, there is nothing in the record except the file mark to indicate that the plea was " on file." It is said in Pfirmann v. Henkel, 1 Ill. App. 145–152, that " filing a paper *ex vi termini* means placing and leaving it among the files. The memorandum indorsed by the officer in whose custody it is placed, is merely evidence of the filing and not the filing itself." If, as appears probable, the plea, after having been marked filed by the clerk, was taken away immediately, and no note or entry of its filing made, the demurrer alone being left behind, it was in no proper sense filed at that time. If after being kept out of the files until the judgment complained of was entered, it was then, without the knowledge of opposing counsel or the court, placed for the first time in the files for the purposes of this writ of error, it was in fact filed only when so left on file. There is no way of telling from the record what its history has been since it was indorsed by the clerk. But the fact that the demurrer and plea were handed to the clerk and indorsed by him as " filed " both at the same moment of time, is of itself sufficient to warrant us in resolving all doubts against the plaintiff in error. There could have been no honest purpose in filing a plea and a demurrer to the same declaration, in the same case, for the same parties, by the same attorney, at the same moment. And as the plea was never, so far as the record shows, brought to the attention of the trial court, neither by motion to set aside the judgment and grant a

new trial, nor in any other way, as no appeal was taken
and the prosecution of this writ of error was delayed for
five years at least, when the difficulty of getting at the
facts in reference to the pretended filing of the plea was
greatly enhanced, it must, in view of the circumstances, be
held that it is too late for plaintiffs in error to urge the
objection in this court now for the first time, in the absence
of any evidence except a file mark that ·the plea ever was
filed while the cause was still pending in the Circuit Court.
We are referred by defendant in error to the case of The
People v. Pickler, 186 Ill. 64–66 *et seq.*, in which the rela-
tions between plaintiff in error Gay Dorn and his then
attorney, Pickler, are reviewed at some length by the
Supreme Court in a way which it is suggested should indi-
cate the real character of the fraud alleged to have been
attempted by means of the demurrer and plea now
under consideration. However that may be, the record
before us is such as to preclude us from considering the
plea as having been actually filed at the date of its file
mark. The fact that the demurrer was passed upon by
the court indicates that it was found in the files, and *prima
facie* that the plea marked as filed at the same moment
wås not then in the files. " We must presume that the
court below acted correctly until error is shown to have
been committed. And this record fails to show that any
exists. Had plaintiff in error during·the term entered a
motion to set aside the default, and proved that a demurrer
(in this case plea) had been filed in the case before entry of
the default, then the court would have set aside the default,
and failing to do so, the motion and evidence could
have been preserved. in the record and thus error would
have been shown, and could have been availed of in this
court. But no such steps were taken and hence we can
not hold that there is error in this record." Schuh v.
D'Oench, 51 Ill. 85–86. Cases which hold that it is error
to render judgment against a defendant by default, when
his plea to the merits is on file (see Wells v. Mathews, 70
Ill. App. 504–506 and cases cited) are not in point here,

Dorn v. Bradner Smith & Co.

because we hold that there is no sufficient evidence in this record that such a plea was on file when the default was taken, to overcome the presumption that the trial court acted correctly. It appearing that both demurrer and plea were presented for filing at the same instant, and were totally inconsistent with each other, that the demurrer only was acted upon, it will be presumed, in the absence of anything tending to the contrary, that the plea was marked " filed " by mistake or fraud, and was not in fact filed at that time, nor before the default and final judgment.

What is said in the case of Hopkins v. Donaho, 4 Texas, 336, is in point. It is there said : " To hold that the mere apparent filing of the answer by the clerk when not noted in the minutes, nor otherwise shown by the record shall overbear and control the recitals of the judgment, would be at variance with the most obvious principle, and would open a door to abuses which may be readily conceived. Let this principle be established, and to reverse a judgment, it would only be necessary for the defendant before the fifth day of the term to cause the clerk to mark his answer ' filed,' which is a mere clerical act, done, of course, at the instance of the party, without an inspection of the paper or a knowledge of its contents; then to stand silently by and permit judgment to be taken by default against him, and when execution is about to issue, obtain a writ of error. The answer, being found by the clerk among the papers of the case, would be embodied in the transcript and made a ground for reversing the judgment. There is no principle of law which requires this court to sanction a practice susceptible of such abuse." It was held that the entry of the judgment bore the highest evidence of verity, and that a party who stands by in the court below and suffers the court to enter judgment by default, supposing no answer to have been filed, can not take advantage of such error on appeal.

The judgment of the Circuit Court is affirmed.