Fannie M. Mitchell, Defendant in Error, v. Supreme Lodge of the Modern American Fraternal Order, Plaintiff in Error.

1. FRATERNAL BENEFIT SOCIETIES—*how service may be had upon.* Service may be had upon fraternal benefit societies pursuant to the provisions of paragraph 5 of the Practice Act which provides for service of process upon incorporated companies.

2. JUDGMENTS—*effect of exceeding ad damnum.* It is error to render a judgment for a sum in excess of the *ad damnum* but such error may be cured by *remittitur.*

Assumpsit. Error to the Circuit Court of Vermilion county; the Hon. E. R. E. KIMBROUGH, Judge, presiding. Heard in this court at the November term, 1908. Affirmed upon *remittitur.* Opinion filed March 30, 1910.

WRIGHT BROS., for plaintiff in error.

F. W. JONES, and DWYER & DWYER, for defendant in error.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

This is a suit to recover on a benefit certificate issued by plaintiff in error, a fraternal beneficiary society. The record shows it is organized and doing business under the laws of the State of Illinois; that its principal office is at Effingham, in the State of Illinois.

Suit was brought to the October term, 1907, of the Vermilion County Circuit Court. Declaration was filed with *ad damnum* at $2,000. No summons was ever issued to Effingham county where defendant has its office, and where its principal officers reside. Summons was issued September 26, 1907, to the sheriff of Vermilion county, and returned by him with the following endorsement:

"I have duly served the within summons upon the within named defendant, Supreme Lodge of the Modern American Fraternal Order, by reading the same to A. L. Sommers, agent of the Supreme Lodge of Modern American Fraternal Order, and at the same time delivering to him a copy thereof, the President, Clerk, Secretary, Superintendent, Cashier, Principal and Directors not found in my county, this 27th day of September, 1907."

No appearance was entered by the defendant and no plea filed, and on December 2, 1907, being the 45th day of the October term, 1907, of the Circuit Court, a default was entered against the defendant, and on the 25th day of the January term, 1908, of the Circuit Court, a jury was impaneled and returned a verdict assessing the plaintiff's damages at the sum of $2,100, upon which verdict a judgment was entered in favor of the plaintiff and against the defendant for $2,100 and costs of suit.

No motion was ever made to set aside or vacate the judgment, but after the term elapsed a writ of error was sued out from this court.

Two questions raised are: one, that there was no service, and no jurisdiction of defendant, and the other, that the judgment, being for more than the demand in the summons, and more than the *ad damnum* in the declaration, it must for these reasons be reversed.

Paragraph three, chapter 110, Revised Statutes, Practice Act, is as follows: "The courts of record of the county wherein the plaintiff or complainant may

reside shall have jurisdiction of all actions hereafter to be commenced by any individual against any insurance company, either incorporated by any law of this State or doing business in this State. And all process issued in any cause commenced in the county wherein the plaintiff may reside wherein an individual may be plaintiff or complainant and any such company, defendant, may be directed to any county of this state for service and return''.

Paragraph five of the same chapter uses the following language: ''An incorporated company may be served with process by leaving a copy thereof with its president if he can be found in the county, in which the suit is brought, if he shall not be found in the county, then by leaving a copy of the process with any clerk, secretary, superintendent, general agent, cashier, principal, director, engineer, conductor, station agent or any agent of said company found in the county, and in case the proper officer shall make return upon such process that he cannot in his county find any clerk, secretary, superintendent, general agent, cashier, principal, director, engineer, conductor, station agent or any other agent of said company, then such company may be notified by publication and mail in like manner and with like effect, as is provided in Sections twelve (12) and thirteen (13) of an act entitled 'An Act to regulate the practice in courts of chancery, approved March 15, 1872.' ''

A fraternal benefit insurance company is a corporation and service may be had on such company under the provisions of the fifth paragraph of chapter 110, *supra*, no exception being made to such a corporation.

The construction of these statutes by our Supreme Court settles the question of service had in this case. Ladies of Maccabees v. Harrington, 227 Ill. 511. The service was good and gave the court jurisdiction of the plaintiff in error.

Proofs of death were made to plaintiff in error and

suit was not brought until about eleven months after death of insured. The certificate provided suit must be brought within one year or be barred.

The service on Sommers as agent and the return thereof by the sheriff in proper form is conclusive, until proper steps are taken and it is shown that Sommers was not an agent of plaintiff in error and that by such service the trial court obtained no jurisdiction. Kochman v. O'Neill, 202 Ill. 110-112. No attempt was made to do this in the trial court and no explanation is offered why the showing, if it was a fact, was not there made; the question should have been raised below and cannot be raised for the first time after default by writ of error in a court of review. Hardy v. Adams, 48 Ill. 533.

The *ad damnum* in this case was placed at $2,000, the judgment by the trial court was for $2,100. This was error.

"Where the case is contested and a verdict rendered and judgment entered thereon advantage of this error not objected to in the trial court could not be taken in this court. The judgment however in this case was upon a default and it was clear error to enter judgment for an amount greater than the damages claimed by plaintiff in his declaration." Dorn v. Briggs, 106 Ill. App. 79.

It was error to render judgment for more than $2,000, but this error is not such as to require a reversal of the judgment; a *remittitur* may be made in the court of review, and defendant in error has asked to be permitted to do this. Winslow v. People, 117 Ill. 152-160; Pixley v. Boynton, 79 Ill. 351.

There is no error in the record except the amount of the judgment, and to cure that error, defendant in error will be permitted to enter a *remittitur* in this court of $100 in twenty days and upon so doing the judgment will be affirmed for $2,000, otherwise the judgment will be reversed and the cause remanded.

*Affirmed upon remittitur of $100.*