Chicago—First District—October, 1911.    105

Prokes v. Bohemian Roman Cath. F. C. U., 165 Ill. App. 105.

## Thomas Prokes, Appellee, v. Bohemian Roman Catholic First Central Union, Appellant.

### Gen. No. 15,941.

1. JUDGMENTS—*effect of excessive rendition.* If a judgment is for a larger amount than is claimed in the *ad damnum*, it is erroneous.

2. FRATERNAL BENEFIT SOCIETIES—*construction of word "will" as employed in particular certificate.* Held, in this case, that the word "will", as applied to the manner of disposing of the benefit fund, should not be construed in its technical sense, but should be held as the equivalent of "wish", "desire" or "direction".

Assumpsit. Appeal from the Superior Court of Cook county; the Hon. BEN M. SMITH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Reversed and remanded. Opinion filed October 20, 1911.

KRAUS, ALSCHULER & HOLDEN, for appellant.

CHARLES D. LUSK and DEWITT C. JONES, for appellee.

MR. PRESIDING JUSTICE BALDWIN delivered the opinion of the court.

Appellee brought suit in the Superior Court of Cook county, to recover from appellant, a fraternal beneficiary society, upon a certificate issued by it. Judgment was entered upon a verdict for $1000, which the court below refused to vacate, and the defendant there appealed to this court.

The declaration alleges that appellant issued its certificate to one Joseph Prokes, wherein it is provided that he is "entitled to participate in the death beneficiary fund to the extent of one thousand dollars, which sum, shall at his death, be paid to the person or persons named in his will as herein indicated; for my wife's funeral $300 which will be paid to Thomas Prokes. For lot in cemetery $120. For reinterring

parents in lot $25. For removing tombstone of father to lot $35. The balance for my funeral. This bequest is a true copy of the original signed by aforesaid member and deposited in the office of the secretary of said Union.''

It further alleges the death of Joseph Prokes,— his membership in good standing in the order at the time of his decease, and demand by appellee for payment to him of ''the amount mentioned in the certificate.''

Attorney John O. Hruby, Jr., filed a plea of general issue on behalf of defendant. On April 22, 1909, the cause was reached for trial in the absence of any one representing defendant Society. A jury was called, —the certificate was offered in evidence, together with the testimony of a sister-in-law of deceased, to the effect that she was in the habit of paying the dues and assessments of deceased to the Society; that shortly before his death she tendered his dues and assessments to the treasurer, who would not accept them, and who told her that deceased was expelled from the order. She also testified that no notice of the suspension or expulsion was ever served on deceased.

This was all the evidence heard, and thereupon, the jury returned a verdict in favor of appellee for $1000, upon which the court entered judgment the same day.

Eight days later, and during the same term, appellant entered its motion to vacate the judgment, and filed affidavits in support thereof. The motion was continued for hearing, and when heard it appeared from the evidence that Hruby was, at and before the time of the trial, a member of the Illinois Legislature, and that upon the day of the trial he was actually in attendance upon its sessions; that some time previously thereto, he engaged a law clerk, whose duty it was to watch and report to Hruby the call of the docket; that said clerk left his employ three days before the case was reached, without any notice whatever

Prokes v. Bohemian Roman Cath. F. C. U., 165 Ill. App. 105.

to him, and that affiant (Hruby) did not know the case was called or disposed of until April 24, 1909; that deceased had long before his death been expelled from the Society, in conformity with its by-laws, etc.

After a hearing the motion to vacate the judgment was overruled.

We are asked to reverse the action of the court below, because it is claimed that the court erred in not vacating the judgment upon the showing made by the affidavits, and because it is manifest from an inspection of the record that the judgment is erroneous.

Taking up the latter contention first, we observe that if the judgment be for a larger amount than is claimed in the declaration, it is erroneous. Taylor v. Richman, 87 Ill. App. 419.

The declaration properly sets forth the entire certificate, but clearly those parts of it which make provision for payments to other than appellee, cannot avail to increase the amount which is payable to him. The very certificate sued upon provides that the payment shall be made to the "person or persons named in his will, as herein indicated." The word "will" as here used, probably should not be construed according to its technical meaning, but should include "wish", "desire", or "direction". What, then, was the wish, desire or direction which should control the society in making the payment? Was it not clearly stated to be, "for my wife's funeral $300, which shall be paid to Thomas Prokes. For lot in cemetery $120. For reinterring parents in lot $25. For removing tombstone of father to lot $35. The balance for my funeral."

Appellee was named only in connection with the provision, "for my wife's funeral $300, which shall be paid to "Thomas Prokes," and, passing the questions as to whether the wife's death preceded that of her husband, and whether she was, or was not, alive at the time the suit was brought, it is clear that $300 is

all that Thomas Prokes was to receive in any event. He was not shown by the pleadings or evidence to have any more right to the remainder of the $1000 than any unnamed stranger to the suit.

The verdict and judgment are thus shown to have been wholly unsupported by the declaration and proof. The judgment is therefore erroneous. Taylor v. Richman, 87 Ill. App. 419; Hays v. McCoy, 6 Blackford (Ind.) 69.

The verdict and judgment are thus shown to have discussion of the other point raised by appellant.

The judgment will be reversed and the cause remanded for a new trial.

*Reversed and remanded.*