## Anthony J. Greenys et al., Appellees, v. John Jonalis, Appellant.

## Gen. No. 31,370.

1. PLEADING—*motion to strike not a substitute for general demurrer.* A motion to strike a special plea on the ground it was filed without the court's consent and while the general issue was yet on file does not present the matter of a general demurrer nor can it properly do so, for only by the general demurrer itself can advantage be taken of defects of substance in a pleading.

2. PLEADING—*when motions dilatory in character.* A motion to strike a plea on the ground of an irregularity in the order of pleading is a dilatory motion, and, hence, must be made in apt time and in the appropriate order of the proceedings.

3. PLEADING—*when motion to strike not made in proper order of proceedings.* A motion to strike a special plea as having been filed while the general issue was yet on file, and made after general demurrer to such plea, is not made in the proper order, which requires that motions that are dilatory in merely attacking irregularities must be made before there is an attack upon the substance of the pleading by demurrer.

4. PLEADING—*when right to move to strike plea waived.* By filing a demurrer to a special plea while the general issue was still on file, plaintiff admitted that the special plea was properly filed and waived any right to move to strike the plea for being filed in the wrong order.

5. PLEADING—*when motion to strike inconsistent with general demurrer.* Plaintiff could not at the same time move that his general demurrer which admitted that the special plea was properly filed be sustained thereto, and also move to strike the special plea on the ground that it was filed improperly while the general issue was yet on file.

6. JUDGMENT—*default improper where general demurrer not disposed of.* The trial court improperly entered a judgment as in default against the defendant after sustaining plaintiff's motion to strike the special plea as improperly filed while the general issue was on file, in the absence of any record showing that a general demurrer to said special plea had been disposed of.

Appeal by defendant from the Superior Court of Cook county; the Hon. JESSE HOLDOM, Judge, presiding. Heard in the first division of this court for the first district at the October term, 1926. Reversed and remanded. Opinion filed March 14, 1927.

KASIMIR P. GUGIS, for appellant; P. B. SMITH, of counsel.

MATTHIAS CONCANNON, for appellees; CHARLES GOODMAN, of counsel.

MR. JUSTICE JOHNSTON delivered the opinion of the court.

This is an appeal by John Jonalis, the defendant, from a judgment in favor of Anthony J. Greenys, in an action of trespass on the case on promises brought by the plaintiffs.

The declaration consisted of the common counts. An affidavit of claim was attached to the declaration. To the declaration the defendant filed the plea of the general issue, but did not file an affidavit of merits.

On July 16, 1926, the plaintiffs made a motion before Judge Hurley to strike the plea of the defendant from the files for want of an affidavit of merits, and the plaintiffs also moved for a judgment on the affidavit of claim of the plaintiffs. Judge Hurley did not grant the plaintiffs' motion but entered an order giving the defendant 10 days within which to file an affidavit of merits. The defendant did not file an affidavit of merits to the plea of the general issue, but filed a special plea in which it was alleged that a former action was pending involving the same demand sued on by the plaintiffs in the present action. The special plea was verified by an affidavit. To the special plea the plaintiffs filed a general demurrer. Thereafter the case came on for hearing before another judge on motions of the plaintiffs presented simultaneously: (1) that the demurrer of the plaintiffs to the special plea be sustained; (2) that the special plea be stricken from the files on two grounds—first, that the special plea was filed without leave of court, and second, that it was filed after the plea of the general issue had been filed and while the plea of general issue was on file.

The plaintiffs also made a motion at the same time to strike the affidavit attached to the special plea from the files, and for a judgment on the plaintiffs' affidavit of claim. On the hearing of these motions the following colloquy took place between the court and counsel:

"Trial attorney for the defendant: I did not understand the general issue was still on file. When the general issue was filed there was no affidavit of merits attached thereto and plaintiffs' attorney made a motion before Judge Hurley to strike the general issue. Because of another case I had in another court room at that time, I agreed with counsel that my general issue might be stricken and that I might be given leave to plead over within ten days.

"The Court: Records show the general issue still on file.

"Trial attorney for the plaintiffs: Judge Hurley refused to strike the general issue but ordered defendant to file an affidavit of merits in ten days.

"Trial attorney for the defendant: Then I ask leave at this time to withdraw my general issue.

"The Court: You are too late. The general issue is still on file and you cannot file a plea in abatement. *  *  *

"Trial attorney for the defendant: Counsel has filed a demurrer to my special plea, and I, therefore, ask leave for further time to plead over.

"The Court: You're too late."

The court thereupon ordered that the special plea and the affidavit attached thereto be stricken from the files, and entered judgment for the plaintiffs in the sum of $2,765.83, the amount alleged to be due in the plaintiffs' affidavit of claim.

Numerous errors for reversal of the judgment are assigned by counsel for the defendant. In the view we take of the case, however, it will be necessary to consider only one assignment of error, and that is the contention that by filing a general demurrer to the

special plea before filing their motion to strike the plea from the files, the plaintiffs waived their right to file the motion to strike the special plea from the files. The ground of the demurrer was that the special plea of the defendant was not sufficient in law. The record does not show any order disposing of the demurrer.

We are of the opinion that by filing a general demurrer to test the sufficiency of the special plea, the plaintiffs waived the right to move that the plea be stricken from the files on the ground that it was filed by the defendant without leave of court, and after the defendant had filed the plea of the general issue. It is obvious from the grounds stated in the motion that the motion was not intended to perform the function of a general demurrer. Moreover, properly it could not have been so intended, as the rule at common law is that if a plea is insufficient in substance, the only mode of taking advantage of the defect is by demurrer, and that it is improper to strike the plea from the files. *Consolidated Coal Co. of St. Louis v. Peers,* 166 Ill. 361, 365; *Firestone Tire & Rubber Co. v. Ginsburg,* 285 Ill. 132, 134.

The general rule is that a motion to strike a pleading from the files after the pleadings are at issue usually will be overruled. 31 Cyc. 659. It is also a rule of general application that motions must be made in apt time, and that this requirement embraces within its meaning promptness as well as the *appropriate order of proceeding.* 14 Encyc. of Pleading and Practice, pp. 99, 100. This rule is especially true of dilatory motions and motions to set aside proceedings for mere irregularities. 14 Encyc. of Pleading and Practice, p. 101; *Clifford v. Town of Eagle,* 35 Ill. 444, 450; *Grand Lodge Independent Order of Free Sons of Israel v. Ohnstein,* 110 Ill. App. 312, 329, 330; *Miller v. Metzger,* 16 Ill. 390, 392; *Kinney v. Bauer,* 6 Ill. App. 267, 271, 272; *Persse & Brooks Paper Works v. Willet,* 14 Abb. Pr. (N. Y.) 119, 120, 121; *Lawrence v. Jones,*

15·Abb. Pr. (N. Y.) 110, 113. Since the purpose of the motion of the plaintiffs to strike the special plea from the files was to take advantage of an irregularity in the order of pleading, the motion was a dilatory motion, and according to the rule should have been filed before the general demurrer. By filing the general demurrer to the special plea, the plaintiff admitted that the plea was properly filed. Therefore the right to file the motion to strike the plea from the files was waived. It will be observed that the very rule on which counsel for the plaintiffs rely to support their contention that the special plea of the defendant was not filed in the appropriate order of pleading, applies by analogy to the order in which the motion of the plaintiff to strike the special plea of the defendant was filed.

In the case of *Kinney v. Bauer, supra,* the court said (pp. 271, 272): "It is a rule founded in good sense, and recognized by the courts in almost daily practice, that if a party voluntarily take issue of fact upon the pleading of his adversary, he thereby admits such pleading to be properly filed."

In the case of *Howe v. Frazer,* 17 Ill. App. 219, it was held (p. 221) that a motion by the plaintiff to strike from the files the defendant's plea of set-off came too late, after the plaintiff had replied in bar to the defendant's plea.

In the case of *Sheehan & Loler Transp. Co. v. Sims,* 36 Mo. App. 224, a motion was made to strike out the first count of the amended petition. The court said (p. 229): "The motion to strike should have been made before the defendant answered, and came too late when the case was called for trial."

It follows from the conclusions we have expressed that the plaintiffs assumed an inconsistent position in presenting to the trial court, simultaneously, the motion to sustain the plaintiffs' general demurrer to the defendant's special plea, and the motion to strike the special plea from the files. Since the filing of the de-

murrer admitted that the special plea was properly filed, the motion of the plaintiff to strike the plea from the files on the ground that it was not filed in proper order involved a direct contradiction. The motion to strike the special plea from the files should not have been considered by the trial court while the general demurrer was still pending.

We further are of the opinion that since the record does not show an order disposing of the plaintiffs' demurrer, it was not proper for the court to enter a judgment as in case of default against the defendant. *Mason v. Abbott,* 83 Ill. 445, 446; *Wells v. Mathews,* 70 Ill. App. 504, 506; *Parrott v. Goss,* 17 Ill. App. 110, 111.

For the reasons stated the judgment is reversed and the cause remanded.

It is true that we are reversing the judgment on technical grounds of pleading and practice; but it will be observed that the plaintiffs are seeking to maintain the judgment on purely technical grounds of pleading and practice.

*Reversed and remanded.*

McSURELY, P. J., and MATCHETT, J., concur.