### LEVI F. MASON

*v.*

### JAMES H. ABBOTT.

1. DEFAULT—*plea on file.* It is error to render judgment against a defendant by default, when his plea to the merits is on file.

2. APPEARANCE—*effect of withdrawing.* Where an attorney, after filing a plea to the merits, withdraws his appearance, this does not withdraw the plea, and a trial must be had.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge presiding.

Messrs. GARDNER & SCHUYLER, for the plaintiff in error.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of assumpsit, brought by James H. Abbott, against Chas. H. Beckwith, Franklin H. Beckwith,

Charles L. Beckwith and Levi F. Mason. The original summons was served on Chas. H. Beckwith, only, but a plea was filed on behalf of all the defendants by their attorneys. Subsequently, as appears from the record, the attorney appeared in court and withdrew *his* appearance. The action was dismissed as to all the defendants except Mason, and a judgment by default was rendered against him, to reverse which he brings up the record by writ of error.

It was error to render judgment against Mason by default, when his plea to the merits of the action was on file. This question has repeatedly been decided by this court. *Lyon* v. *Barney*, 1 Scam. 387; *Manlove* v. *Bruner*, ib. 390; *Covell* v. *Marks*, ib. 391; *McKinney* v. *May*, ib. 534; *Steelman* v. *Watson*, 5 Gilm. 249; *Sammis* v. *Clark*, 17 Ill. 398.

It is true, the attorney who filed the plea withdrew his appearance, but that action on his part did not withdraw the appearance of Mason or the plea which had been filed on his behalf. So long as the plea of Mason was on file, he could not be regarded as being in default, nor could a judgment be rendered against him except upon a trial.

For the error indicated, the judgment must be reversed and the cause remanded.

*Judgment reversed.*