### James E. Woodruff v. L. T. Matheney.

1. Practice—*Default Without Declaration on File.*—It is erroneous to take a default without a declaration on file.

2. Same—*Motions at Subsequent Terms to Set Aside Dismissals.*—A suit having been dismissed at a term of court a motion to set aside the dismissal at a subsequent term without regaining jurisdiction of the suit is void.

Memorandum.—Assumpsit. In the Superior Court of Cook County; the Hon. Jonas Hutchinson, Judge, presiding. Judgment by default; error by defendant. Heard in this court at the October term, 1894, and reversed. Opinion filed October 15, 1894.

Eastman & Schumacher, attorneys for plaintiff in error.

Mr. Justice Gary delivered the opinion of the Court.

The plaintiff in error was served May 30, 1892, with a summons returnable to the June term. As the terms begin

on the first Monday of each month, he was not required to appear until the July term, and if the declaration was not filed ten days before that term, then not until the August term, and if the declaration was not filed ten days before that term, he was not required to appear at all, as the plaintiff below could proceed no further. Press v. Ridgway, 37 Ill. App. 267. However, the defendant below did appear, and on his motion the suit was dismissed, August 24, 1892, for want of a declaration, none having been filed at all. October 15, 1892, on motion of the plaintiff below, without any appearance by defendant below, though notice of the motion was mailed for him, that dismissal was set aside, and the default of the defendant below entered; still with no declaration on file. October 24, 1892, a declaration was filed, and on the 19th of the following month a final judgment entered for the plaintiff below. By the dismissal in August, the court had lost jurisdiction of the case, and the proceedings of October and November are erroneous, if not void, as the record does not show jurisdiction regained. Morgan v. Campbell, 54 Ill. App. 242.

The judgment is reversed, but the cause in not remanded, as the right to prosecute the action is gone. *Ibid.*