### Kelley, Maus & Company v. Heath & Milligan Manufacturing Company.

1. COURTS—*Powers at Subsequent Terms.*—The Superior Court of Cook County has no power at its February term to vacate a judgment entered at its January term.

2. APPELLATE COURT PRACTICE—*Errors not Assigned.*—An error in the proceedings of the court below which is not assigned can not be corrected.

Replevin.—Error to the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge, presiding. Heard in this court at the October term, 1896. Orders reversed. Opinion filed November 5, 1896.

DEFREES, BRACE & RITTER, attorneys for plaintiffs in error.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

This was an action in replevin commenced by the plaintiffs in error in December, 1891, for certain goods and chattels mentioned in the affidavit and in the plaintiff's declaration. The defendant in error, the Heath & Milligan Manufactur-

'ng Company, together with Seth S. Scribner and Robert N. Hopkins, were made defendants. Scribner and Hopkins filed pleas, which were afterward withdrawn. Defendant in error also filed pleas of "*non cepit*" and "*non detinet.*" At the January term, 1893, Scribner and Hopkins withdrew their pleas and thereupon defaults were entered against all the defendants and judgment was entered finding the property in the plaintiff and awarding it one cent damages and costs, which damages and costs were immediately entered satisfied of record.

During the February term, 1893, the Heath & Milligan Company obtained an order setting aside the default and judgment. Subsequently the defendant in error filed additional pleas alleging property in itself and in Hopkins, and still later the suit was dismissed for want of prosecution, and a writ of *retorno habendo* awarded the defendant in error.

The court had no power at the February term to vacate a judgment entered at the January term, and all orders of the court entered subsequent to the judgment are void for want of power in the court to enter the same. Cook v. Wood, 24 Ill. 295; Baldwin v. McClelland, 152 Ill. 42–50.

The court erred in entering at the January term a judgment, as by default, against a party then having pleas on file, but as error as to this is not assigned, we can not correct such error.

All the action of the court subsequent to the January term was error, and all orders entered after the close of the January term are reversed.

Orders subsequent to close of January term, 1893, are reversed.