## Famous Manufacturing Co. v. Francis Wilcox and George A. Wilcox.

1. RATIFICATION—*Of Acts of an Attorney in Entering Appearance.* —Where the general manager of a corporation makes an affidavit stating that a certain person was its " duly appointed attorney," it is a ratification of the act of such attorney in entering its appearance in a suit and such corporation can not afterward be heard to say that such person was not its authorized attorney.

2. ATTORNEYS—*Effect of Withdrawing After Entry of Appearance.* —The withdrawal of an attorney from a cause, without withdrawing the demurrer which he had filed to the complaint, does not affect his prior entry of appearance, or defeat the jurisdiction of the court acquired by such appearance.

3. REVERSIBLE ERROR—*In Propositions of Law.*—When it appears from the whole record that substantial justice has been done a judgment will not be reversed because of error in holding or refusing to hold propositions of law.

Debt, on a judgment of a sister State. Trial in the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Finding and judgment for plaintiff. Appeal by defendant. Heard in this court at the March term, 1898. Affirmed. Opinion filed January 26, 1899.

WALTER OLDS, CHARLES F. GRIFFIN and EDWARD W. WICKEY, attorneys for appellant.

EDGAR BRONSON TOLMAN and SUMNER C. PALMER, attorneys for appellees.

MR. JUSTICE ADAMS delivered the opinion of the court.

This is an appeal from the judgment rendered in an action of debt by appellees against appellant on a judgment rendered by the District Court of the State of Idaho, for the Fifth Judicial District, in the county of Bear Lake in said State. The cause was, by agreement, tried by the court, and appellees recovered judgment.

The sole contest between the parties is as to whether the Idaho court had jurisdiction to render the judgment sued on, appellant contending that the court had not jurisdiction, either by personal service of process on appellant, or by its appearance. Service was had on Edward H. Beall, as an agent of appellant, but it is admitted by appellees that the service on Beall was not such as is required by the statute of Idaho to give jurisdiction to the court. The question, therefore, is whether the court obtained jurisdiction by appellant's appearance. S. J. Rich, an Idaho attorney, appeared for appellant and filed a demurrer to appellees' complaint January 20, 1891, after the filing of which he withdrew from the cause, and February 11, 1891, after Rich withdrew, the demurrer was overruled and judgment was rendered for appellees. October 12, 1891, appellant, by John A. Bagley, its attorney, moved the court to set aside the default "upon the ground that the default was taken by inadvertence and excusable neglect," and in support of this motion, filed his own affidavit and the affidavits of K. M. Turner, E. W. Wickey and S. J. Rich.

Bagley deposed that he was the attorney for appellant; that Beall was a traveling salesman of appellant and employed Rich; that Rich, "exercising due diligence," wrote and telegraphed to appellant for instructions, but receiving none, was unable to make a defense and withdrew

from the case, and that affiant, after investigation, verily believed that appellant had a good and substantial defense on the merits.

K. M. Turner deposed that he was the duly appointed general agent of appellant, and had entire charge of its collection and claims department, and of the suit against it by appellees; that *S. J. Rich was duly appointed attorney for appellant to protect the suit*, and that, at the time Rich telegraphed for instructions, he, Turner, was seriously ill in bed and unable to give instructions as requested, and that Wickey, the only other person conversant with the case and authorized to give instructions, was out of the city.

Wickey deposed that he was secretary for appellant; that Turner was appellant's agent and had charge of the suit, as stated in his, Turner's, affidavit; that it was the intention of appellant to defend the suit, and that he, Wickey, was under the impression that instructions had been given the attorney to defend the suit.

Rich deposed that he was employed by appellant to defend the suit, through its traveling agent, Beall, and stated his reasons for withdrawal from the defense, substantially as stated in Bagley's affidavit.

It was stipulated, on the trial in the Circuit Court, that Turner and Wickey were, respectively, the general agent and secretary of the company at the time of making their affidavits above mentioned. It was also stipulated on the trial, that if Beall were present, he would testify, among other things, that he had no authority to employ Rich, but employed him without authority, and that Rich, if present, would testify that his employment by Beall was not approved or confirmed by appellant, or any of its officers or agents. Assuming that Beall and Rich would so testify if called as witnesses, it was a question of fact for the court to decide whether Rich was the authorized attorney of appellant, and we think that the court was fully warranted in holding that he was. Indeed, the court could not have been warranted by the evidence in finding otherwise.

On the hypothesis that Rich was not authorized to appear for appellant, it is incomprehensible that Mr. Bagley, whom we must assume is a competent attorney, did not urge this want of authority in support of his motion to vacate the judgment, but based his motion on affidavits inconsistent with such want of authority. The record indicates that appellant is ready to assert that Rich was, or that he was not, its attorney, as its interest on the occasion may seem, in its wavering judgment, to demand. It is not claimed that Bagley, when he moved to vacate the judgment, was not its authorized attorney, and it is manifest that he was, because, otherwise, he could not have procured the affidavits of its secretary and general manager; and when appellant, acting by Bagley, its attorney, filed, in the Idaho court, the affidavit of its general manager, expressly stating that Rich was its "duly appointed attorney," it thereby ratified the act of Rich in entering its appearance in the cause, and can not now be heard to say that Rich was not "its duly appointed attorney." The withdrawal of Rich from the cause, the demurrer which he had filed to the complaint not being withdrawn, did not affect his prior entry of appellant's appearance, or defeat the jurisdiction of the court acquired by such entry of appearance. Mason v. Abbott, 83 Ill. 445; Wilson v. Hilliard, 5 Atl. Rep. (Penn.) 258.

Appellant's counsel assign as error the holding by the court as law of certain propositions; but, inasmuch as the appellees are clearly entitled to recover, the error, if any, in holding or refusing to hold propositions as law, is not ground for reversal. When it appears from the whole record that substantial justice has been done, a judgment will not be reversed because of error in the giving or refusing of instructions. Newkirk v. Cone, 18 Ill. 449; Dishon v. Schorr, 19 Ib. 59; Schwarz v. Schwarz, 26 Ib. 81; New Eng., etc., Ins. Co. v. Wetmore, 32 Ib. 223; Penn. Co. v. Stoelke, 104 Ib. 201, 205. This is especially in cases free from doubt, as we deem the present case.

The judgment will be affirmed.