## J. W. Flora et al., etc., Defendant in Error, v. V. Fields, Plaintiff in Error.

### Gen. No. 14,689.

1. MUNICIPAL COURT—*when improper to enter default.* If an appearance is on file it is improper to enter a judgment as for a default.

2. MUNICIPAL COURT—*when judgment by default not set aside.* *Held,* that the affidavit filed in support of the motion to set aside a judgment by default did not sufficiently show the failure to publish notice that the cause was upon the trial calendar of the particular judge, and that, therefore, the motion to set aside was properly denied.

3. MUNICIPAL COURT—*when action of court in refusing to set aside default will not be disturbed.* A motion to set aside a judgment is addressed to the sound legal discretion of the court in which the judgment is entered, and the exercise of that discretion will not be disturbed on review except in cases where it affirmatively appears that such discretion has been abused and injustice done.

4. MUNICIPAL COURT—*when without jurisdiction to entertain motion to vacate judgment.* If a motion to vacate a judgment has been made

and denied within thirty days after the entry thereof, a subsequent like motion setting up grounds which might justify action in chancery cannot be entertained under the statute.

5. Verdicts—*when upon merits must be disregarded.* If the jury was only sworn to assess damages, so much of the verdict as finds the issues for the plaintiff must be disregarded.

Assumpsit. Error to Municipal Court of Chicago; the Hon. Stephen A. Foster, Judge, presiding. Heard in this court at the March term, 1909. Affirmed. Opinion filed June 16, 1910. Rehearing denied June 30, 1910.

Henry M. Shabad, for plaintiff in error.

No appearance by defendant in error.

Mr. Justice Baker delivered the opinion of the court.

Plaintiff brought an action of the fourth class in the Municipal Court on a contract claiming a balance due thereon of $102.25. The defendant by her attorney entered her appearance in writing, filed a claim of set off, demanded a jury, and the cause was placed on the jury calendar for trial. The record proper shows that April 9, 1908, before Judge Foster of the Municipal Court, the plaintiff came; that the defendant was called and failing to appear, on motion of plaintiff it was ordered, "that a judgment be entered against said defendant by default;" that thereupon came a jury, who were sworn to assess plaintiff's damages, and returned a verdict finding "the issues for the plaintiff and assessing their damages at $61.50," for which sum and costs the court gave judgment. This was erroneous; the appearance of the defendant was in legal effect a plea, and when a plea is interposed it is erroneous to take judgment by default. Covill v. Marks, 1 Scam. 391. The jury was only sworn to assess damages, and so much of the verdict as finds the issues for the plaintiff must be disregarded. But it is not assigned for error that the court gave judgment by default, and we therefore cannot, for that error, reverse the judgment. Kelley et al. v. Heath & Milligan Mfg. Co., 66 Ill. App. 528.

April 24, 1908, the defendant moved to vacate and set

aside the judgment, and filed affidavits in support of her motion, and on that day the court denied said motion and also a motion for a new trial.

A rule of the Municipal Court provides that, "Assignments, if any, will be made by 3 o'clock P. M. each day and will be published in the Municipal Court Record and the legal edition of the Inter Ocean." The affidavits in support of the motion do not state that the case was not in the calendar of Judge Foster for April 9, as published in the legal edition of the Inter Ocean of that date, but only state that it was not in the calendar of Judge Foster published in the Municipal Court Record of April 9. We find in the record a copy of the Municipal Court Record of April 8, in which, under the heading "Calendar for tomorrow Judge Foster  *  *  *  Jury trials" is the case of "Coburn & F. v. Fields," with its proper number, 50227. It is to be inferred that the Municipal Court Record is published in the afternoon, as it contains the calendars for the following day, and the fact that the case was in the calendar of Judge Foster for April 9 was therefore properly given in the issue of April 8. We cannot presume, in the absence of any showing by the defendant, that the case was not in the calendar of Judge Foster for April 9, as published in the Inter Ocean. The contention of plaintiff in error that notice that the case was in the calendar of Judge Foster for April 9 was not published in the manner required by the rule of the Municipal Court cannot, therefore, be sustained.

A motion to set aside a judgment is addressed to the sound legal discretion of the court in which the judgment is entered, and the exercise of that discretion will not be disturbed in an appellate court except in cases where it affirmatively appears that such discretion has been abused and injustice done. Andrews v. Campbell, 94 Ill. 577.

On a careful examination of the affidavits filed in support of the motion to set aside, we cannot say that there was such an abuse of the discretion of the court in denying said motion as to warrant a reversal of the order denying such motion.

Section 21 of the Municipal Court Act as amended in 1907, gives to that court the same power to vacate a judgment within thirty days after its entry that a circuit court has during the judgment term, and further provides that if no motion to vacate shall be entered within thirty days after the entry of a judgment, the same shall not be vacated, "except, etc., * * * or by a petition to said Municipal Court setting forth grounds for vacating, setting aside or modifying the same, which would be sufficient to cause the same to be vacated, set aside or modified by a bill in equity." In this case defendant's motion to vacate was entered and denied, within thirty days after the entry of the judgment. April 30, after the denial of said motion, the defendant presented a petition setting forth grounds for vacating said judgment to Chief Justice Olson and also to Judge Foster, and both refused to examine or consider said petition. We think that such refusal was proper, because the statute gives to the Municipal Court power to vacate a judgment, on a petition filed for that purpose, only in cases where no motion to vacate is made within thirty days after the entry of the judgment, and in this case such motion was made and denied within thirty days from the entry of the judgment.

Finding no error in the record, the judgment and the order denying defendant's motion to vacate the judgment will be affirmed.

*Judgment and order affirmed.*