Charles H. Wacker, Defendant in Error, v. John N. Young, Plaintiff in Error.

Gen. No. 17,169.

1. JUDGMENTS—*default.* It is error to enter judgment by default on promissory notes because of the absence of the defendant when called, where an appearance, pleas and an affidavit denying indebtedness were on file and issue was taken thereon.

2. JUDGMENTS—*default.* Though the defendant does not answer when a case is reached for trial, if issue is joined, the plaintiff, to obtain judgment, must try his case by a jury as if the defendant had answered.

Error to the Circuit Court of Cook county; the Hon. M. W. PINCKNEY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Reversed and remanded. Opinion filed October 1, 1912.

JOHN P. McDONALD, for plaintiff in error; ED. H. KUBITZ, of counsel.

LACKNER, BUTZ and MILLER, for defendant in error.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

Charles H. Wacker, defendant in error, brought an action against John N. Young, plaintiff in error, in the Circuit Court of Cook county, on three promissory notes for $1,000 each, dated March 3, 1899, and due in three, four and five years respectively, after date, with interest at 4 per cent.; the notes were payable to the order of Charles H. Wacker, and signed John N. Young. Various pleas were filed, the cause placed on the docket, and, when reached for trial, judgment by default was entered, defendant, (plaintiff in error) being absent from the court room.

Plaintiff in error here urges reversal of the judgment, and assigns as errors, that the court erred in rendering judgment on an affidavit of merits filed by plaintiff while a counter affidavit was on file, without further evidence being submitted to the jury; that the court erred in entering a judgment by default while appearance by counsel, plea and affidavit denying any indebtedness was on file; and that the court erred in denying motion to set aside the judgment.

The court below erred in entering judgment by default after an appearance by defendant and pleas and affidavit of merits were filed, and issue taken thereon. After issue is joined, the plaintiff, to obtain judgment, must proceed and try his cause by a jury, in the same manner as if the defendant had answered to his name

when called. Manlove v. Gallipot, 1 Scam. 390; Covell v. Marks, 1 Scam. 391; Hall v. Marks, 34 Ill. 358; Mason v. Abbott, 83 Ill. 445. The judgment is reversed and the cause is remanded.

*Reversed and remanded.*