**The Nokol Company of Illinois, Appellee, v. Dr. D. H. Cunningham, Appellant.**

## Gen. No. 28,331.

1. PLEADING—*waiver of legal insufficiency of motion in nature of coram nobis.* Failure to demur to or move to strike out a motion for a writ in the nature of *coram nobis*, to correct a misprision of the clerk of the court in writing up the record of a judgment, waives any legal insufficiency of the motion on appeal.

2. JUDGMENTS—*correction of misprision of clerk not the setting aside of default.* The action of the court in striking from the record of a judgment the words "but made default herein," taken on motion therefor, did not amount to the setting aside of a default but was the correction of a misprision by the clerk of the court, where the record shows that no order or judgment of default was ever ordered in the cause, but that it was called after service upon the defendant who did not appear, that a jury was thereupon called and sworn and judgment was rendered after trial of the issues before the jury, and that the words in question, as entered by the clerk, referred to default in appearance and were entered inadvertently.

3. JUDGMENTS—*correction of error of fact in judgment on simple motion.* The erroneous insertion by the clerk of the court, in the record of a judgment, of the recital that defendant "made default herein," where the default was in appearance only after service, is correctable by the court at subsequent term, on simple motion, the error being one in form only and not in substance..

Appeal by defendant from the County Court of Cook county; the Hon. FRANK S. RIGHEIMER, Judge, presiding. Heard in the third division of this court for the first district at the March term, 1923. Affirmed. Opinion filed December 26, 1923.

RYAN, CONDON & LIVINGSTON, for appellant; WALTER
E. BEEBE, of counsel.

WILLIAM A. ROGAN, for appellee.

MR. PRESIDING JUSTICE TAYLOR delivered the opinion
of the court.

This appeal involves part of the history of the trial
which resulted in the judgment which was affirmed by
this court in Gen. No. 27,831, *Cunningham v. Nokol
Co. of Illinois.* In the opinion in that case, handed
down this day, we stated that the judge of the county
court, being of the opinion that the clerk of that court
in writing up the record, by inadvertence and mistake,
wrote in the order of judgment the words "but made
default herein" corrected the record by striking out
the words "but made default herein." The question
here is, whether he was authorized to do so?

The basis of the action of the court here complained
of was a written motion, supported by affidavit, filed
by counsel for the complainant, which is treated by
both parties to this appeal as a motion in the nature
of a writ of error *coram nobis.* It is the contention
of the plaintiff that the motion sought the correction
of a misprision of the clerk, whereas, it is the con-
tention of the defendant that the motion was in effect
one to set aside an order of default.

In support of his appeal the defendant first con-
tends that the motion filed was insufficient upon which
to predicate the court's action, in that it merely asked
that the words in question be stricken out, and gave
no reason for the action sought. Considering the mo-
tion as one in the nature of a writ of error *coram
nobis,* if the defendant wished to save any point going
to the legal insufficiency of the motion he should have
demurred to it or moved to strike it on that ground.
Having done neither, he may not now be heard to

question the legal sufficiency of the motion. *Domitski v. American Linseed Co.*, 221 Ill. 161.

It would seem to be clear, from an examination of the face of the record itself, that in granting the motion the trial court did not set aside a default and thus correct a matter of law or procedure, but, rather, corrected a misprision of the clerk, and, therefore, corrected a matter of fact. Such an examination of the record (which is before us in case No. 27,831, above referred to) discloses that it recites that on the day the court entered the judgment in question, there came before the court the plaintiff, and it appearing to the court that the defendant had been personally served with summons, in the proper manner, "and being solemnly called in open court, came not but made default herein." Following that recitation, the record proceeds to set forth that the court ordered the cause to proceed, whereupon, a jury was called and was duly "sworn, well and truly to try the issues joined and a true verdict render according to the evidence." Following that recitation, the record further recites that "after listening to all the evidence adduced, the arguments of counsel and instructions from the court," the jury brought in their verdict, reading, "We, the jury, find the issues for the plaintiff and assess the plaintiff's damages at One Thousand Dollars ($1,000.00)." These recitations of the record were set out in full by the plaintiff, in support of its motion, by affidavit, and were not denied. A reading of the recitals of the record shows clearly that no order or judgment of default was ever entered, but that there was a trial of the issues before a jury. The words, "but made default herein," as they appear in the record, quite obviously meant that the defendant did not appear when his case was called for trial. And in so far as they, by any ambiguity, might seem to indicate that a default order was entered, they were considered by the court, and, in our opinion, cor-

rectly, to constitute a misprision of the clerk in writing up the record.

The defendant further contends that there was no fact appearing on the face of the record or within the files on which the court could predicate its action. In our opinion, a mere reading of the record, as above recited, demonstrates the contrary, for that, itself, recites the fact, not that there was a judgment by default nor an order of default but rather that after the defendant had made default in the matter of his appearance, when the case was called for trial, the court ordered the trial to ·proceed and it did proceed in the regular way, a jury being sworn to try the issues and, after hearing the evidence, returning a verdict on those issues and assessing the damages.

Counsel for defendant contends that in *Flora v. Fields,* 156 Ill. App. 341, the same situation was presented which we have before us in the instant case. On the contrary, in the case cited the record showed that on a given day the plaintiff appeared in court; that the defendant was called but failed to appear, whereupon, upon plaintiff's motion, it was ordered "that a judgment be entered against said defendant, by default," following which, a jury was "sworn to assess the plaintiff's damages." Although the verdict returned by the jury in that case found the issues for the plaintiff, the court held that inasmuch as the record showed that the jury were sworn merely to assess the damages, so much of their verdict as found the issues for the plaintiff would have to be disregarded. In the instant case the record shows, not that the jury were sworn to assess the plaintiff's damages, but that they were sworn to try the issues and assess the damages.

Our attention has been called to the recent case of *Marabia v. Mary Thompson Hospital,* 309 Ill. 147, where the court held that upon a motion, in the nature of a writ of error, *coram nobis,* a sheriff's return of

service could not be contradicted, and that a judgment could not be vacated upon the ground that, contrary to the return, there was, in fact, no valid service. For to do so would be to correct an alleged error or mistake in point of law. This case would be in point if the motion involved in the instant case were one seeking the vacation of an order of default. But we have already pointed out that that is not the motion which was involved here.

While, as heretofore indicated, both parties have treated the motion involved in the instant case as one in the nature of a writ of error *coram nobis,* we are of the opinion that it should be considered as a simple motion. A misprision of the clerk may properly be corrected, by a motion in the nature of a writ of error *coram nobis,* where it involves or constitutes a matter of fact, unknown to the court at the time the judgment was entered and not appearing upon the face of the record, and which, if known, would have precluded the rendition of the judgment. *People v. Noonan,* 276 Ill. 430; *Warner v. Wende,* 214 Ill. App. 431; *DiMeo v. Hines,* 229 Ill. App. 486. The misprision sought to be corrected by the motion in the instant case, being a misprision in form merely, and not in substance, the motion to correct it might properly have been entertained, even if it were not considered as a motion in the nature of a writ of error *coram nobis.* In *Cook v. Wood,* 24 Ill. 295, the court said, after considering whether the trial court had power to set aside a judgment on a motion made at a subsequent term: "These views do not deprive courts, at a subsequent term, of the power to set right, matters of mere form in their judgments, or to correct misprisions of their clerks or of the right to correct any mere clerical errors, so as to conform the record to the truth."

For the reasons stated the order appealed from is affirmed.

*Order affirmed.*

O'CONNOR and THOMPSON, JJ., concur.