Winfield R. DuBreuil, Defendant in Error, v. Edward E. Klein, Plaintiff in Error.

**Gen. No. 8,248.**

Opinion filed January 24, 1929.

MURPHY O. TATE, for plaintiff in error.

O'HAIR & McCLAIN, for defendant in error.

MR. PRESIDING JUSTICE NIEHAUS delivered the opinion of the court.

Winfield R. DuBreuil, defendant in error, commenced this suit in the circuit court of Edgar county. The declaration charges that the plaintiff in error, Edward E. Klein, negligently drove his automobile on the 14th day of October, 1923, on a public road in Edgar county; and that, by reason of such negligent driving, he collided with the automobile of the defendant in error; and that he thereby caused injuries to the automobile of the defendant in error; also personal injuries. To this declaration the plaintiff in error filed two pleas: the plea of not guilty; and the further plea alleging that he was not the owner of the automobile referred to in the declaration, and did not operate nor control the same at the time of the injury complained of. Thereafter there was a jury trial at the November

term, 1924, and the jury returned a verdict of not guilty. The defendant in error thereupon moved the court for a new trial and the motion was granted and a new trial ordered. Thereafter, at the February term, 1925, there was another jury trial, but the jury were unable to agree upon a verdict and were discharged and the cause was continued. At the November term, 1926, the cause was again called for trial, and the plaintiff in error failing to appear, the case was submitted to a jury as in case of default, merely to assess damages; but was not submitted to the jury upon the main issues, namely, whether the plaintiff in error was guilty of the negligence charged in the declaration. The jury returned a verdict assessing the damages at $1,013, and the court rendered judgment for that amount against the plaintiff in error, together with costs of the suit. This writ of error is prosecuted from the judgment.

It is well settled that where the defendant in a case of this kind has filed a plea or pleas which raise issues that involve the question of the plaintiff in error's guilt of the negligence charged in the declaration, these issues must be determined by the jury adversely to the defendant before damages can be assessed against him, whether the defendant in the suit be present or absent at the trial. *Manlove v. Bruner,* 2 Ill. (1 Scam.) 390; *Covell v. Marks,* 2 Ill. (1 Scam.) 391; *Mason v. Abbott,* 83 Ill. 445; *Flora v. Fields,* 156 Ill. App. 341; *Wacker v. Young,* 173 Ill. App. 255; *Stare v. Vayda,* 234 Ill. App. 309. It is apparent therefore that the judgment rendered in this case is erroneous. The judgment is therefore reversed and the cause remanded.