[Civ. No. 8512. First Appellate District, Division Two.—July 20, 1932.]

NELS LARSEN et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION OF THE STATE OF CALIFORNIA and JOSEPH WELLDE, Respondents.

Barry J. Colding, Theodore Hale and Carroll B. Crawford for Petitioners.

A. I. Townsend and F. J. Burke for Respondents.

STURTEVANT, J.—The petitioners have applied for a writ of review to annul an award made by the respondent Commission. The record is very long; however, the facts pertinent to this application are very brief.

On December 23, 1924, while employed by Larsen & Larsen, the respondent Joseph Wellde was injured. At that time the New Amsterdam Casualty Company was the insurance carrier for the employers. Thereafter, on July 27, 1927, the respondent Commission made an award in favor of the employee and on January 31, 1929, it amended its

award. By the terms of the last award the liability of the insurance carrier was made as follows: "Award is made in favor of Joseph Wellde, applicant, against New Amsterdam Casualty Company of the sum of $3,974.10, payable at the rate of $20.38 a week, beginning January 31, 1925, and continuing for one hundred ninety-five weeks, until all of said award shall have been paid, less $100 payable to Alex Sheriffs, and less the further sum of $100 heretofore paid to applicant's former attorney, Joseph A. Brown, and it is ordered that the employers herein be dismissed and discharged from liability herein." No attack thereon was made, no application for a rehearing was made, and no further step was taken before the respondent Commission, and the respondent Commission did nothing else until the third day of September, 1929. On that date without any motion being made, without notice to the insurance carrier or to anyone else, but of its own motion, the respondent Commission entered an award as follows: "Award is made in favor of Joseph Wellde, applicant, against New Amsterdam Casualty Company, defendant, of the sum of $20.38 weekly beginning January 1, 1925, and until two hundred forty weekly payments shall have been paid in the total sum of $4,891.20 and the further sum of $12.54 weekly, thereafter, for the remainder of his natural life." At this point it should be noted that the last-named award was made on the last day of the week, which was the two hundred forty-fifth week after the date of the injury. Claiming that the award last referred to was void, the insurance carrier at once applied for a rehearing; the rehearing was at once granted and thereafter the award was, by the respondent Commission, affirmed. Thereafter the insurance carrier applied to this court for a writ of review and for a judgment to the effect that the amended award dated September 3, 1929, be annulled.

In support of its petition the insurance carrier asserts that the amended award was void for two reasons, (1) no notice of an intention to make an amended award was given to the insurance carrier and therefore the amended award was void; (2) the statutory term of two hundred forty-five weeks having expired the respondent Commission had no jurisdiction to entertain the petition for a rehearing on, or to enter any order either affirming or overruling the

award made September 3, 1929. The two attacks will be considered together. The petitioners quote section 20, subdivision (d) of the Workmen's Compensation, Insurance and Safety Act and italicize as follows:

"20 (d). The commission shall have continuing jurisdiction over all its orders, decisions and awards made and entered under the provisions of sections six to thirty-one, inclusive, of this act and may at any time, *upon notice and after opportunity to be heard is given to the parties in interest,* rescind, alter or amend any such order, decision or award made by it upon good cause appearing therefor, such power including the right to review, grant or regrant, diminish, increase or terminate, within the limits prescribed by this act, any compensation awarded upon the grounds that the disability of the person in whose favor such award was made has either recurred, increased, diminished or terminated; provided, that no award of compensation shall be rescinded, altered or amended after two hundred forty-five weeks from the date of the injury. Any order, decision or award rescinding, altering or amending a prior order, decision or award shall have the same effect as is herein provided for original orders, decisions or awards." Continuing, the petitioners cite *Utah Fuel Co.* v. *Industrial Com. of Utah,* 67 Utah, 25 [45 A. L. R. 882, 245 Pac. 381]. The case is not absolutely in point. The statute of Utah is not an exact copy of our statute. Nevertheless, we think the case is very persuasive. In that case Thomas Pelly, Sr., and Thomas Pelly, Jr., were killed while employed by the Utah Fuel Company. The surviving wife of Thomas Pelly, Sr., in behalf of herself and children, at once applied for an award. The application was granted and an award was made in terms as applied for. That award was based on the theory of dependency on Thomas Pelly, Sr. Later Catherine Pelly and her children applied for additional compensation on the theory that they were dependents of Thomas Pelly, Jr. Thereafter the second application was granted. On the hearing on the last application the Commission, of its own motion and without notice to the employer, modified the finding made on the first application. When before the Supreme Court of Utah the plaintiff contended that the Commission exceeded its jurisdiction in modifying the first award without giving notice

to the plaintiff and without giving the plaintiff an opportunity to be heard. On page 387 the court said: "The finding in this case was modified pursuant to the provisions of that section. There is no doubt respecting the continuing jurisdiction of the commission. In making modifications of orders or findings, therefore, the commission does not necessarily act without or in excess of its jurisdiction. It may, nevertheless, act in excess of its powers where, as here, it makes a change in a finding or order, which materially affects the rights of an interested party, without notice to such party, and without an opportunity to be heard. Any material change that is made in a finding of fact, or in an order touching an award, must necessarily depend upon some existing fact or facts. While it is true that the commission may possess what it deems to be ample or even conclusive evidence of such a fact or facts, yet it does not follow that the party interested must agree with the commission's conclusions, or that he may not contest or dispute the facts as claimed by it. Moreover, where the modification or change affects a substantial right of the aggrieved party, it should be given the benefit of a hearing and a right to review the decision of the commission in making the modification or change. We are of the opinion, therefore, that in making the modification in this case without notice to the plaintiff, and without giving it an opportunity to be heard, the commission exceeded its powers."

Replying to the petitioners' attacks, the respondent Commission says: "When the commission granted the petition for rehearing in the case at bar, the lack of notice and opportunity to be heard, to which the parties were entitled under section 20 (d) was cured." That remark is not sound. The order of September 3d was void. A void order cannot confer jurisdiction. But on that date the term of two hundred forty-five weeks ended and all power to amend ceased. It necessarily follows that the subsequent order, March 3, 1932, affirming the void order was itself void. The respondent Commission next asserts: "There is a disposition to contend that the commission may rescind, alter or amend a previous decision only within two hundred forty-five weeks after date of injury. With this contention the commission agrees except where the right to petition for a rehearing from any order made within the two hundred

forty-five week period itself lies beyond the two hundred forty-five week period. The case at bar is a concrete example. The final order of September 3, 1929, was made the last day of the two hundred forty-fifth week. Under such circumstances it is submitted that if any aggrieved party petitions for rehearing within twenty days thereafter, the right to rescind, alter or amend is extended for a period of time not exceeding eighty days, twenty days allowed to the parties to file petition for rehearing, thirty days after filing of said petition allowed the commission to consider same, and thirty additional if the time of consideration is extended.'' The respondent Commission cites no authority supporting any part of the foregoing argument. We know of none. If on the last day of the week of the two hundred forty-five week period an application for an amended award had been made, on notice duly given, and had thereupon been heard and submitted, and if the Commission ruled thereon some day subsequent to the two hundred forty-five week period the question would be altogether different. (*Osmont* v. *All Persons,* 165 Cal. 587 [133 Pac. 480].) Again the respondent Commission asserts: ''But it is earnestly contended that the failure to give notice and opportunity to be heard on the peculiar facts of this case should not be held to be fatal where the machinery is available to expeditiously and immediately remedy such lack of notice. . . . Unless the court does take this view of the present situation, which we believe is an entirely legal and valid solution of the situation, the result will be a denial of the benefits of the act to a workman who has clearly been totally and permanently disabled as the result of injury.'' The argument is far from satisfactory. If the award made January 31, 1929, had been void the respondent Commission could, on its own motion, have set it aside. (*People* v. *Davis,* 143 Cal. 673, 675 [77 Pac. 651].) As that award was valid it could be set aside and a new one entered only in the manner provided by the statute. (Sec. 20, subd. (d); 34 C. J. 220 and 258.) As no notice was given and no hearing was had the order of September 3, 1929, was void. (*Scamman* v. *Bonslett,* 118 Cal. 93, 99 [62 Am. St. Rep. 226, 50 Pac. 272]; *McConville* v. *Superior Court,* 78 Cal. App. 203, 208 [248 Pac. 553].) As that award was void the subsequent proceedings predicated thereon were also void. (*Woodruff*

18

v. *Matheney,* 55 Ill. App. 350; *Kelley, Maus & Co.* v. *Heath & Milligan Mfg. Co.,* 66 Ill. App. 528.) Moreover, if the award made January 31, 1929, was wrong, that error on the part of the Commission cannot be cured, and should not be cured, by another wrong decision on its part approved by a wrong decision on the part of this court. The reasoning that would support such an amended award in favor of the claimant will support an amended award terminating every award in favor of every claimant who is now receiving payments under the statute. It will suffice to remark that the time for the respondent Commission to modify an award is by the statute limited to two hundred forty-five weeks, and furthermore, that before an award may be made notice must be given and an opportunity for a hearing must be had. (Sec. 20, subd. (d), Workmen's Compensation, Insurance and Safety Act.) The terms of that statute are clearly based on the provisions of section 473 of the Code of Civil Procedure. The latter statute limits the powers not only of courts of law but of courts of equity. Those courts may not amend their judgments in matters of substance except on motion made after notice given and hearing had. (14 Cal. Jur. 1007; *Scamman* v. *Bonslett, supra; Herd* v. *Tuohy,* 133 Cal. 55, 58, 59 [65 Pac. 139]; *Lauchere* v. *Lambert,* 210 Cal. 274, 278 [291 Pac. 412].) If greater power was given to the respondent Commission than has been given to our courts we would expect to find it expressed in clear terms in the statute. It is not so expressed or expressed at all.

The award is annulled.

Nourse, P. J., and Spence, J., concurred.