James L. Harris, Appellee, v. William Juenger et al., Appellants.

468

Opinion filed March 4, 1937.   Rehearing denied April 6, 1937.

PHILIP G. LISTEMAN, of East St. Louis, for appellants.

SAUL E. COHN, of East St. Louis, for appellee; BEASLEY & ZULLEY, of East St. Louis, of counsel.

MR. JUSTICE MURPHY delivered the opinion of the court.

January 9, 1935, appellee instituted this suit to recover damages for personal injuries alleged to have been caused by the negligence of appellants and the other defendants, E. Salia and the city of East St. Louis. The allegation in the complaint, as it pertained to appellants, was that they owned, occupied or had possession of the building at 310 East Broadway in East St. Louis and operated a store therein, that they negligently rolled heavy barrels and trunks across the sidewalk in front of the store, breaking the sidewalk and causing it to be uneven and dangerous, thus causing plaintiff to fall and resulting in personal injuries.

February 7, appellants by their attorneys filed an answer admitting the allegation of ownership and possession of the building but denied the charge of negligence. Nothing appears to have been done in the case after the filing of the answer until September 16, when the attorneys who had filed the answer on behalf of appellants obtained leave of court, and withdraw as attorneys of record for appellants. Pursuant to order of court the clerk gave appellants notice by mail of the withdrawal of their attorneys. On the date of the withdrawal, and notwithstanding the answer of appellants was still on file, the court ruled them to plead by September 23. Appellants did not appear in person or by attorney and on September 30 were defaulted. October 15, the court heard evidence without a jury, found the appellants guilty as charged and assessed plaintiff damages at $6,500, and entered judgment for that amount. Appellee filed a request for jury at the time of starting the suit but appellants never at any time filed one.

November 14, appellants by their attorney who appears for them in this court, filed a motion to vacate the judgment and set aside the order of default and urged as grounds, that they were deprived of their constitutional right to a jury trial and that they had a meritorious defense to plaintiff's claim. The court overruled the motion and that ruling is assigned as error.

The withdrawal of appellants' attorneys did not have the effect of withdrawing their answer. *Mason v. Abbott*, 83 Ill. 445. The answer denied the charge of negligence and with it on file they should not have been ruled to plead and defaulted for failure to comply with the rule. *Ridgely Nat. Bank v. Fairbank*, 54 Ill. App. 296.

Under section 60 of the Practice Act of 1907 and the sections in reference to the same matter that pre-

ceded, it was held that where the defendant in a case of this kind filed a plea which traversed the charge of negligence and tendered an issue of fact, that issue had to be determined by a jury adversely to the defendant before damages could be assessed against him and this was true whether the defendant was present or absent at the trial. *Manlove v. Bruner*, 2 Ill. (1 Scam.) 390; *Covell v. Marks*, 2 Ill. (1 Scam.) 391; *Mason v. Abbott*, 83 Ill. 445; *Flora v. Fields*, 156 Ill. App. 341; *Wacker v. Young*, 172 Ill. App. 255; *Stare v. Vayda*, 234 Ill. App. 309; *DuBreuil v. Klein*, 253 Ill. App. 91. In *Archer v. Spillman*, 1 Scam. (Ill.) 553, it was held that such waiver must be made to appear from the record. This rule has been followed in other cases. *Barrett v. Craig*, 38 Ill. App. 96; *Industrial Loan Co. v. Kezirian*, 259 Ill. App. 47.

Section 64 of the Civil Practice Act adopted in 1933, par. 192, ch. 110, Ill. State Bar Stats. 1935; Jones Ill. Stats. Ann. 104.064 (sec. 188, ch. 110, Smith-Hurd) provides (1) A plaintiff desirous of a trial by jury shall make his demand for a jury in writing, and file such demand with the clerk at the time suit is commenced, and a defendant desirous of a trial by jury shall make such demand and file the same at the time of filing appearance; otherwise such party shall be deemed to have waived a jury. If the plaintiff files a jury demand and thereafter waives such demand, the defendant shall be granted a jury trial upon motion made at the time of such waiver and upon payment of the proper fees to the clerk.

By this enactment the right to a jury trial in this kind of a case is still preserved but if a party wishes to retain this privilege he must make a demand for a jury in accordance with the provisions of the statute.

Appellants' failure to file a demand for a jury amounted to a waiver of their right to a jury trial and the rule that prevailed prior to the enactment

of the Civil Practice Act has no application under the present statute.

Appellee had filed a demand for a jury and had he continued to stand by that demand, this would have been sufficient to have preserved the right to a jury trial to appellants, but there is nothing in the statute which prohibits a party who has filed a demand for jury from withdrawing it or by waiving it, by proceeding to a trial before the court without a jury.

It does not appear that appellee withdrew his request for a jury but introduced his evidence and submitted his case to the court without a jury and this would constitute a waiver of the request he had filed. 16 R. C. L. 218. Had appellants been present in court when appellee adopted his line of procedure, they would, under the statute, have had the right to file their request for a jury trial.

It is apparent that appellants' constitutional right to a jury trial was not lost to them by reason of the court proceeding to trial without a jury in their absence but rather by reason of their failure to meet the statutory requirement to preserve that right.

We cannot see that the court orders, ruling appellants to plead when they had a pleading on file and the order of default, in any way aids appellants in their contention that they were deprived of their constitutional right to a jury trial. It is not contended that the case was tried in violation of any rule of court or that the case was called for trial out of the regular order.

In support of their motion to vacate the judgment and order of default appellants further contend that aside from the question of the right of a jury trial the judgment should have been vacated for the reason that they have shown a meritorious defense and that they acted with diligence in making the motion.

The law of this State is that a motion to vacate a judgment and set aside a default is addressed to the sound discretion of the court and will not be reviewed except in case of abuse of such discretion and that a party presenting such a motion must show that he acted with due diligence and that he has a meritorious defense. *Hartford Life & Annuity Ins. Co. v. Rossiter,* 196 Ill. 277; *Nitsche v. City of Chicago,* 280 Ill. 268; *Citizens' Sav. Bank & Trust Co. v. City of Chicago,* 215 Ill. 174, and when it appears that the party defaulted has failed to exercise due diligence to protect his rights, it has never been held an abuse of discretion to refuse to vacate a default judgment. *Barrett v. Queen City Cycle Co.,* 179 Ill. 68; *Hartford Life & Annuity Ins. Co. v. Rossiter, supra.*

Appellants by their affidavits admit that they were notified by the clerk that their attorneys had withdrawn from the case and undertake to justify their neglect in attending the suit by averring in their affidavits that they were not familiar with court procedure, having had no previous experience as defendants in civil cases and that they understood the notice to mean that the case had been withdrawn or dismissed and that it required no further attention on their part and that they did not know of the trial until November 1 when one of them was examining the records in reference to a title to his real estate and found the judgment. The notice mailed by the clerk and which appellants say misled them is plain and unambiguous. It is addressed to appellants, giving the names of plaintiff and defendants and states that the firm of McGlynn and McGlynn (attorneys for appellants) had asked and been granted permission to "withdraw as attorneys for all the defendants in the above styled cause except the City of East St. Louis." We cannot perceive how appellants' lack of experience as defendants in civil cases could have caused them to be

misled by the simple statement of a fact as contained in the notice. Appellants' affidavits show that one of them learned of the judgment November 1 and communicated the fact to the others, yet no motion was filed until November 14. Appellants make no explanation why they did not file their motion to vacate when they learned of the existence of the judgment instead of waiting two weeks. In *Andrews v. Campbell*, 94 Ill. 577, it appeared that the defendants' attorney knew on the 10th that the default had been taken on the 9th but no motion was filed until the 17th. The court held that there was no abuse of discretion by the trial court in overruling the motion to vacate the judgment and order of default. Under the showing the court did not abuse its discretion in overruling the motion to vacate the judgment and order of default.

The judgment of the city court is affirmed.

*Judgment affirmed.*